## McGRAW et al. v. BROACH et al.

### No. 947.

Court of Civil Appeals of Texas. Eastland.

Feb. 19, 1932.

See, also, 27 S.W.(2d) 250.

Webb & Webb, of Sherman, and D. J. Brookreson, of Benjamin, for appellants.

J. S. Kendall, of Munday, and Bullington, Boone, Humphrey & King, of Wichita Falls, for appellees.

LESLIE, J.

The transcript and statement of facts in this cause were filed in this court June 27, 1931. November 4, 1931, the clerk of this court notified the litigants that the cause would be submitted January 15, 1932. January 12, 1932, the appellant filed his briefs in this court, and on that day for the first time furnished a copy of the same to the appellees or their attorneys. The appellees are here without reply briefs, and by proper motion they seek to have the appellants' briefs stricken from the record and to have the appeal dismissed.

From the date of the notice of submission sixty-nine days expired before the appellants filed their briefs in this court. This falls far short of a compliance with the recent act of the Legislature requiring the appellants to file such brief in this court within thirty days from the date of such notice of submission. Article 1848, Revised Civil Statutes 1925, as amended by the Acts Forty-Second Legislature, Regular Session, p. 98, c. 64, § 1 (Vernon's Ann. Civ. St. art. 1848). Evidently the appellants have not briefed the case in this court according to law, and no good cause is shown why this has not been done. The briefs filed at so late a date were not filed pursuant to any satisfactory agreement between the parties, and the appellees have manifestly been deprived of a substantial right. Hinckley-Tandy Leather Co. v. Hazlewood, 45 S. W.(2d) 1103, by this court.

For the reasons and on the authorities set forth in that opinion, the appellees' motion to strike out the appellants' brief will be sustained.

The record has been examined to determine whether or not there appears therefrom any fundamental error that should prevent the affirmance of the judgment. None being found, the judgment of the court is affirmed.