## DUNNING v. YANCY.

### No. 13527.

Court of Civil Appeals of Texas. Fort Worth.

March 12, 1937.

Ira Butler and A. L. Wardlaw, both of Fort Worth, for appellant.

Rice M. Tilley and Philip Tocker, both of Fort Worth, for appellee.

BROWN, Justice.

Appellee sued appellant on an account for certain work done and materials furnished in "doing over" a number of pieces of furniture in appellant's house, and for a second count sought to recover for services, in the capacity of interior decorator, rendered appellant in his home.

The cause being tried to a jury, in answer to issues submitted, the jury found that the value of the services rendered under the first count (then unpaid) was $313.74; being the balance sued for by appellee, and set forth in the bill of particulars made a part of the petition. The jury also found that appellee was never employed by appellant as an interior decorator.

Judgment being rendered for appellee, on the verdict, the appeal is taken therefrom.

Four assignments of error are presented. The first two complain of the argument made by a counsel for appellee, but we find no bill of exceptions in the transcript covering any such matter. Advantage can be taken, on appeal, of improper argument only through a bill of exceptions properly prepared and brought forward in the transcript. No error is presented by these two assignments of error.

The third assignment of error is: "The court erred in not declaring a mistrial and in not granting a new trial, for the reason that counsel for appellee, Yancy, over the constant and repeated objections of counsel for appellant, Dunning, and after said objections had been sustained by the court, continued to ask witnesses questions with reference to whether or not the appellant, Dunning, was a drunkard, which said line of questioning was highly prejudicial and inflammatory to the rights of the appellant, Dunning, and constitutes reversible error."

The paragraph of the motion for a new trial purporting to show the assigned error is not clear in that it charges counsel for appellee, "in his argument to the jury, over the constant objections of counsel for defendant, and admonitions and instructions of the court, asked witnesses questions with reference to whether or not the defendant Dunning was a drunkard," and we do not know whether, this paragraph was intended to complain of the argument, or of the manner and substance of propounding questions to witnesses.

The assignment of error as carved out of the foregoing paragraph of the motion for a new trial simply modifies the matter so as to complain of counsel for appellee repeatedly asking witnesses questions with reference to whether or not appellant was a drunkard, over repeated objections made by the appellant and after such objections had been sustained by the court.

The charge is that "said line of questioning was highly prejudicial and inflammatory to the rights of the appellant."

The fourth assignment of error is: "The court erred in not declaring a mistrial and in not granting a new trial, for the reason that counsel for appellee, Yancy, asked a witness for the appellee, questions with reference to alleged immoral or indecent acts on the part of the appellant, Dunning, which said line of questioning was highly prejudicial and inflammatory to the rights of the appellant, Dunning, and asked for the purpose of prejudicing the jury against the appellant, Dunning, which said line of questioning was highly inflammatory and prejudicial to the rights of the appellant, Dunning."

The paragraph of the motion for a new trial purporting to show the assigned error is: "The court erred in not declaring a mistrial, and should now grant a new trial, for the reason that Rice Tilley, counsel for plaintiff, asked witness for the plaintiff, questions with reference to the reputed immoral acts on the part of the defendant, Dunning, to which the defendant duly excepted and which exceptions were overruled by the court, and all of which evidence was highly prejudicial and inflammatory to the rights of this defendant, constitutes reversible error and should cause a new trial to be granted."

It is seen that the error actually assigned in the brief complains that counsel for appellee asked a witness for appellee

questions which were highly prejudicial and inflammatory to the rights of appellee, and same were asked for the purpose of prejudicing the jury against the appellant.

We do not believe that the appellant can so materially change his assignment of error as that he can in his motion for a new trial complain at the introduction of testimony, over his objections which he claims was prejudicial and inflammatory, into an assignment of error to the effect that questions were propounded to a witness touching matters and in such a manner as to become inflammatory and prejudicial to the rights of the appellant. The assignment of error need not be in the exact language of the motion for a new trial, but it must be substantially the same.

Furthermore, the assignment of error as brought forward in the brief shows no exception or objection by appellant at the time the questions were propounded to the witness.

But if we give the widest range possible to the third and fourth assignments of error, and assume that they present the question of whether or not the matters complained of were calculated to and did in all reasonable probability influence the jury to return a verdict against appellant that might not, perhaps, have been returned but for the matters complained about, still we are confronted with the following facts: The jury found for appellee only the amount that he claims is the balance due him for the services rendered in "doing over" the furniture. The exact amount set forth in his itemized bill of particulars. The appellant did not testify. He contented himself with a sworn denial, generally, of the itemized bill of particulars.

Appellant's former wife and one other witness testified for appellant touching the condition of the furniture, after appellee worked upon it. The former wife also denied that appellee was ever employed as an interior decorator, and the jury found against appellee on such issue.

The evidence touching the reasonable value of the services rendered appellant in "doing over" the furniture and furnishing the materials for such purpose was clear and to the point. On the issue raised by such testimony as was introduced on these matters, by witnesses for appellant, all of which was more or less general and not in detail, the jury found for the appellee.

Instead of evidencing bias and prejudice against an absent defendant, who gave no excuse for not being present at the trial, it is our opinion that the verdict of the jury shows fairness and a desire to reach a proper conclusion.

Believing that, under the record before us, no injury has been done to the appellant and no showing has been made of a probable injury done, we believe that there is no merit in the assignments of error. The verdict is not attacked as excessive, nor as not supported by the evidence.

The judgment is affirmed.