**WHATLEY et ux. v. DAVIS et al.**

No. 5302.

Court of Civil Appeals of Texas. Texarkana.

April 14, 1938.

Cornelius & Heaton, of Jefferson, for appellants.

Darden, Burleson & Wilson, of Waco, for appellees.

WILLIAMS, Justice.

This appeal of appellants, E. L. Whatley and wife, plaintiffs below, from a judgment which denied them a recovery, is predicated upon alleged misconduct of the jury, in that they obtained and consulted a Webster's Revised Dictionary and used same in determining the meaning and definition of the words "preponderance" and "proximate cause" while deliberating upon and in answering the special issues which contained these terms. The jury answered that certain negligent acts of defendant W. G. Davis and of defendant Horace Collins each were a proximate cause of the injuries, and likewise that certain acts of Horace Whatley, son of plaintiffs, proximately caused or contributed to his injury. The motion for new trial and the affidavits in support thereof are silent as to the definitions contained in the dictionary, and in what respect, if any, they were contrary to the instructions in the court's charge.

This record is before us without a statement of facts or a bill of exception. The transcript discloses this motion was filed December 10th, two days prior to ad-

journment of court, and was never acted upon by the trial court, and does not disclose by bill of exception the cause of the failure of the trial court to act upon same. City of Henderson v. Fields, Tex.Civ.App., 194 S.W. 1003. The explanation should have been presented by bill of exception which could have been filed and approved after adjournment of court. The purpose of such a bill is to show what transpired in the trial court, and to make that a part of the record which otherwise would not be a part thereof. Article 2237, R.C.S. of 1925; 3 Tex.Jur. pp. 565 and 661; 4 Cor.Jur.Sec., Appeal and Error, p. 1161, § 680; Holmes v. Coalson, Tex.Civ.App., 178 S.W. 628. Allegations in motions for new trial as to alleged jury misconduct or in affidavits supporting same cannot take the place of a bill so as to authorize a review of such matters. 3 Tex.Jur. p. 581, § 407; 4 Cor.Jur.Sec., Appeal and Error, p. 1237, § 762.

The judgment is affirmed.