## DARK v. SHELDON.

### No. 10547.

Court of Civil Appeals of Texas.
San Antonio.
May 24, 1939.

Rehearing Denied June 21, 1939.

McDaniel & Catlett, of McAllen, for appellant.

Hill, Greer & Franki, of Mission, for appellee.

SLATTON, Justice.

E. C. Dark brought this suit against Mrs. Annie Sheldon to recover a leasehold estate in and to seven-eighths of the oil, gas and other minerals under a tract of land situated in Hidalgo County.

The title asserted by Dark was specially pleaded. It was alleged that Mrs. Annie Sheldon and her husband executed and delivered to one A. L. Douglas their power of attorney, authorizing the said Douglas to lease said land; that the certificate of acknowledgment to the power of attorney did not have the seal of the notary attached thereto; that the Sheldons, acting through Douglas, executed and delivered an oil and gas lease upon the land described for a term of five years to La Joya Oil and Gas Company, with the usual provision for the payment of a certain amount of money on or before March 15th of each year to defer the obligation to drill.

Dark alleged his chain of title from the Oil Company to himself. Dark alleged that he and those under whom he claims had paid each year the rentals due under the lease in lieu of commencement of drilling, which rentals had been accepted by the landowner.

It was further alleged that during the last year of the primary term of the lease Dark discovered the defect in the power of attorney and that he, through his representatives, called upon Mrs. Sheldon to make the power of attorney good, so that he might commence drilling operations upon the land for the exploration of oil and

gas under the terms of the lease. That Mrs. Sheldon refused to ratify said lease or to correct the defective power of attorney.

Dark further alleged that he would have drilled upon said land had Mrs. Sheldon ratified the lease, and under the circumstances· said lease should be ratified and confirmed by the court and he be given a reasonable time in which to begin and prosecute drilling operations for the exploration of oil and gas; a reasonable time was alleged to be one year and six months.

It was alleged that the land leased was owned by Mrs. Sheldon as her separate property and that before the rental payment for the year 1937 her husband .died and that she, at the time of the acceptance of said payment, was a widow.

Dark prayed for judgment, that is seven-eighths working interest in and to the oil, gas and other minerals, subject to the royalty, perpetually, for the purpose of exploiting the same for oil, gas and in the alternative that he have and recover such interest for the purpose of exploiting the same for oil and gas, and that he be given a reasonable time to do so; and that the power of attorney be corrected and the oil and gas lease be declared valid and that he have specific performance against the said Annie Sheldon, and for costs, etc.

Mrs. Sheldon answered by general demurrer, general denial and a plea of not guilty.

Dark filed a supplemental petition and trial amendment.

The cause was tried to the court, without the aid of a jury, and judgment was rendered against Dark and in favor of Mrs. Sheldon.

The trial court filed findings of fact and conclusions of law. The appeal is before us without statement of facts.

The oil and gas lease in question was dated on the 10th day of February, 1933, and acknowledged by Douglas on the 18th day of March, 1933, .and by the Oil Company on the 20th day of April, 1933. The primary term was fixed at a period of five years. The lease further provided:

"If no well be commenced on said land on or before the 15th day of March, 1934, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the First State Bank & Trust Company of Mission, Tex., or its successors, which shall continue as the depository regardless of changes in the ownership of said land, * * * (a named sum of money) which shall operate as rental and cover the privilege of deferring the commencement of a well for twelve months from said date. * * *

"If, at the expiration of five years from the date of this lease, oil or gas is not being produced on the leased premises, but lessee is then engaged in drilling for oil or gas, then this lease shall continue in force so long as drilling operations are being continuously prosecuted on the leased premises."

The trial court found that Dark and his predecessors in title never communicated with Mrs. Sheldon concerning the matters pleaded by appellant in this case.

The trial court further found that the only communications between Mrs. Sheldon, on the one hand, and Geo. Pruter and Bruce C. Young, on the other, were through Judge Brooks, of Rio Grande City, Texas, and that Young and Pruter were acting for themselves and not as agents or representatives of the appellant herein.

The trial court found that oil and gas was not produced in paying quantities and that no well was ever commenced nor drilled upon said land.

The trial court found that Mrs. Sheldon did not repudiate the oil and gas lease and did not interfere with appellant's possession thereof.

If we understand the theory of the appellant, it is contended that Mrs. Sheldon ratified whatever defect existed in the lease by the acceptance of the delay rental paid before March 15, 1937; and that because of her refusal to confirm the lease in writing, at the request of Pruter and Young, the appellant was excused from beginning drilling operations before the expiration of the primary term of the lease.

■ A consideration of the legal obligations existing between the parties to the lease and between Pruter and Young and Mrs. Sheldon disposes of that contention.

■ Mrs. Sheldon had not made any contract with Pruter and Young, and therefore could not be compelled to do so. If the lease was ratified by her in the acceptance of the rental due under the terms of the lease, she became bound to appellant under her express warranty.

■ The trial court found that Mrs. Sheldon did not repudiate the lease, and

832

that the possession of appellant was never interfered with by Mrs. Sheldon. In short, the appellant did not show a breach of warranty.

■ It is said in the case of Graebner v. Limburger's Executors, Section A, Tex. Com.App., 293 S.W. 1100, 1101: "It has long ago become settled law in this state that a covenant of general warranty of title to land is not breached until the covenantee has been evicted from the premises covered by the warranty, or from some part thereof, by the holder of a paramount title."

■ The primary term of the lease having expired when the suit was filed, and the appellant failing to show any action upon the part of the appellee which in law would excuse the appellant from performing his obligations under the lease, the judgment below is correct. Hoffman v. Overton Ref. Co., et al., Tex.Civ.App., 110 S.W.2d 93.

■ The appellant urges that the refusal of Mrs. Sheldon to ratify the lease in writing at the request of Pruter and Young must be construed as a repudiation of the lease to appellant, because said Pruter and Young were the agents of the appellant. The trial court found against this contention and in the absence of a statement of facts the appellant cannot well challenge this finding.

There being no reversible error shown in the record before us, the judgment of the trial court is affirmed.