## ROTHCHILD v. TURNER et al.
### No. 2261.

Court of Civil Appeals of Texas. Waco.

March 14, 1940.

Rehearing Denied April 4, 1940.

Lynn B. Griffith and Forrester Hancock, both of Waxahachie, and Willard McLaughlin and Leonard Gorin, both of Waco, for plaintiff in error.

W. M. Tidwell, of Ennis, for defendants in error.

ALEXANDER, Justice.

The defendants in error have filed a motion to strike plaintiff in error's brief and to affirm the judgment of the lower court because the brief was not filed within the time required by law. The judgment was entered in favor of the defendants in error against plaintiff in error on June 2, 1939, for the sum of $196.35. The cause was removed to this court by writ of error, the transcript being filed herein on the 20th of September, 1939. On the 11th of January, 1940, this court set the cause for submission for the 7th of March, 1940. Although the plaintiff in error was duly advised of the setting, he did not file his brief herein until March 5, 1940, which was not within the time provided by the statutes. R.S. art. 1846, as amended, Vernon's Ann. Civ.St. art. 1846. No excuse has been given for the failure to file the briefs within the time required by law.

It is a very well established rule that a plaintiff in error's unexcused failure to file briefs until after the time provided by law has expired requires the sustaining of a motion to strike the briefs and to affirm the judgment of the lower court. McGraw v. Broach, Tex.Civ.App., 46 S.W. 2d 1056; Duncan v. Scott, Tex.Civ.App., 128 S.W.2d 136.

But if we were to consider plaintiff in error's brief, the result would be the same. The only assignments of error and propositions contained therein relate to alleged improper argument of counsel and the insufficiency of the evidence to support the verdict of the jury. There is no bill of exception in the record concerning the alleged improper argument of counsel, and consequently, that assignment cannot be considered. 3 Tex.Jur. 581; Chandler v. Weimers, Tex.Civ.App., 4 S.W.2d 569. There is no statement of the facts introduced in the lower court, and, therefore, under well established rules and for obvious reasons, we cannot determine whether the evidence was sufficient to sustain the verdict. 3 Tex.Jur. 540; Treadwell v. Borchers, Tex.Civ.App., 289 S.W. 75.

Plaintiff in error's brief will be stricken from the record, and the judgment of the trial court is affirmed.