## HARTFORD ACCIDENT & INDEMNITY CO. v. ETHRIDGE.
### No. 2120.

Court of Civil Appeals of Texas. Eastland.

March 14, 1941.

Blanton & Blanton, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellees.

LESLIE, Chief Justice.

This is a workmen's compensation case filed by appellee, D. E. Ethridge, against appellant, Hartford Accident and Indemnity Company. Coverage, jurisdictional facts and compensation rate were agreed upon by the parties.

The appeal is predicated on four assignments of error complaining in each instance of argument to the jury by appellee's counsel.

Each alleged error was preserved and brought before this court in the following manner: The appellant had the court reporter to take down the argument of appellee's counsel and in the course of its delivery objections were made to certain phases of the argument. Thereafter the reporter transcribed his notes disclosing the argument, objections, etc. With such information the appellant raised the same points in its motion for a new trial. The court heard this motion and overruled the same. The true statement of facts is agreed to by the attorneys for the respective litigants, and it is also approved by the trial judge. Following such statement of facts and bound with it in the same volume is the transcribed speech of the appellee's attorney signed by the official shorthand reporter. He certified that he was employed by defendant to report the jury speeches of appellee's attorney and that the foregoing pages contained "a full, true and correct statement" of the same.

The transcribed argument thus appended to the statement of facts is in no way authenticated by the trial court, nor does any agreement of the respective attorneys cover or approve the same. The appellee objects to the consideration of these alleged errors since the appellant has failed to bring forward the matters complained of in a formal bill of exceptions. Under the circumstances stated, the appellee insists there is nothing for this court to review. We sustain this contention because these propositions are based merely on a certificate prepared by the court reporter and have not been brought forward in a formal bill of exceptions as required by law.

In 3 Tex.Jur. p. 581, sec. 407, the rule invoked is stated in simple language as follows: "In the absence of a bill of exceptions, the appellate court will not pass upon the argument or remarks of counsel as constituting reversible error * * *. Allegations in a motion for a new trial or in affidavits supporting it, cannot take the place of a bill so as to authorize a review of such matters."

For other authorities in point on the proposition see Chandler v. Wiemers, Tex. Civ.App., 4 S.W.2d 569, writ refused; Safeway Stores v. Rutherford, Tex.Civ. App., 101 S.W.2d 1055; Id., 130 Tex. 465, 111 S.W.2d 688; Rothchild v. Turner, Tex. Civ.App., 138 S.W.2d 611; Dunning v. Yancy, Tex.Civ.App., 103 S.W.2d 221; Weyel v. Lower Colorado River Authority, Tex.Civ.App., 121 S.W.2d 1032; Southwest Investment Co. v. Partin, Tex.Civ.App., 83 S.W.2d 766, 767; American Nat. Ins. Co. v. Massengale, Tex.Civ.App., 121 S. W.2d 1035; Whatley v. Davis, Tex.Civ. App., 116 S.W.2d 466; East Texas Oil Ref. Co. v. Simmons, Tex.Civ.App., 105 S.W.2d 507; Texas Emp. Ins. Ass'n v. Arnold, Tex.Civ.App., 105 S.W.2d 686. The trial

court must in some way authenticate the proceedings or arguments complained of.

Since the above vice (in perpetuating the alleged error in the record) underlies each of the assignments or propositions briefed, it follows that none of them are entitled to consideration. The counter propositions are sustained.

However, after a careful reading of the record as presented, we are quite inclined to the view that, had the alleged points been properly presented, no reversible error would have been shown.

For the reasons assigned, the judgment of the trial court is affirmed.