## WAGNER v. RISKE et al.
### No. 11362.

Court of Civil Appeals of Texas. San Antonio.

Oct. 13, 1943.

Rehearing Denied Nov. 10, 1943.

C. C. Carsner, of Victoria, for appellant.

Crain, Vandemberge & Stofer, of Victoria, for appellees.

MURRAY, Justice.

This is a suit by W. A. Wagner against Liessette Riske, Anita Riske Giese and her husband, Lester E. Giese, seeking to foreclose an attachment lien against 43.8 acres of land lying and being situated in Victoria County. It was alleged that this 43.8 acres of land was a part of the community estate of Emil Riske, deceased, and his wife, Liessette Riske. Wagner was the holder of a note in the principal sum of $800 signed by Emil Riske, and if in fact the 43.8 acres of land was the community property of Emil and Liessette Riske, Wagner was entitled to a foreclosure of his attachment lien on said land.

The trial was before the court without the intervention of a jury and resulted in judgment that Wagner take nothing. There is no statement of facts in the record. The trial judge made and filed his findings of fact and conclusions of law.

From the judgment denying him any recovery, Wagner has prosecuted this appeal.

Appellant's first point is as follows: "This case should be reversed because the Findings of the Court establish the fact that there was a Community Estate consisting of an interest in the 243.8 acres tract of land against which plaintiff established a claim." We overrule this point. The sixth finding of fact is as follows: "No. 6. Thereafter, on December 3, 1925, by deed the said William Fehler conveyed the whole of said 243.8 acres to his daughter, Liesettie Riske, as her separate property, and I find that the whole of said tract became the separate property of said Liesettie Riske on that date, and that same remained the separate property of said Liesettie Riske from said date."

This finding was a full and complete finding to the effect that the entire 243.8 acres were the separate property of Liessette Riske and that no part of it was the community property of her and Emil Riske, and such fact finding was sufficient to support the judgment rendered. There is no

real conflict between this finding and other findings made by the court.

Appellant's second point is: "Second—This case should be reversed because of the Court's failure to make Findings of Fact upon material and controlling issues of Fact after being specially requested in writing to make such findings by plaintiff."

In the absence of a statement of facts we are unable to determine whether or not the trial court should have made the other findings requested by plaintiff. Petty v. Petty, 53 Tex.Civ.App. 584, 57 S.W. 923; Rahl v. Compton, Tex.Civ.App., 112 S.W.2d 509; Dark v. Sheldon, Tex. Civ.App., 129 S.W.2d 830.

The judgment is affirmed.