## WINDSOR v. LOYD et al.

### No. 6181.

Court of Civil Appeals of Texas. Texarkana.

Nov. 22, 1945.

Rehearing Denied Dec. 6, 1945.

Ramey, Calhoun, Marsh, Brelsford & Sheehy, of Tyler, for appellant.

Wynne & Wynne, Angus G. Wynne, and Philip Brin, all of Longview, and Turner & Seaberry and Virgil T. Seaberry, all of Eastland, for appellees.

HARVEY, Justice.

Appellees, Irene Loyd, guardian, and others, filed suit against W. C. Windsor, appellant, in the District Court of Gregg County, Texas, in the form of an action in trespass to try title, in which it was sought to recover title and possession of an undivided one-fourth mineral interest in and under a tract of 3.07 acres of land, a part of the Wm. McCurry and L. B. Outlaw No. 241 H. R. Surveys in Gregg County. W. C. Windsor filed his answer containing a general denial, plea of not guilty, and in the alternative alleged that if it should be determined that a certain mineral deed made to him in 1931, by John Loyd and wife, Irene Loyd, under which he claimed an undivided one-fourth interest in the minerals in the tract of 3.07 acres in question, did not have the effect of conveying to him the interest he claimed, that such result was because of mutual mistake on the part of the vendors and vendee in said mineral deed, and he prayed for a reformation of such deed so that it might show the true intention of

the parties. He also filed a cross-action against the plaintiffs, Irene Loyd, et al., seeking title to an undivided one-fourth mineral interest in the tract of land in controversy, and for judgment for the value of a proportionate share in the oil and gas theretofore produced therefrom. Plaintiffs took a voluntary non-suit of their cause of action and filed answers to the cross action of defendants setting up the defenses of limitation under the two, three, four, five, and ten years' statutes of limitation. M. R. Newnham and Angus Wynne, claimants of the leasehold estate in the 3.07 acre tract, alleged that they were innocent purchasers of such interest. Other pleadings were filed by the parties to the suit which it is not necessary to detail. The case was tried before the court without a jury and judgment was entered that the appellant, W. C. Windsor, recover nothing by his cross action, and that the cross acting cross defendants, Irene Loyd, Guardian, et al., recover on their cross action against W. C. Windsor the title and possession of the land in controversy, from which action of the court he has perfected this appeal.

The evidence developed on the trial discloses that in 1910 Leon Smith conveyed to John Loyd a tract of land referred to as 25 acres out of the L. B. Outlaw Survey, No. 243, in Gregg County, Texas, which became a part of the community estate of John Loyd and wife, Irene Loyd. Later, John Loyd and wife acquired the 3.07 acre tract which is herein involved. It joins the 25 acre tract on the north, and is a part of the L. B. Outlaw Survey No. 241 and of the Wm. McCurry Survey in Gregg County. On December 13, 1930, John Loyd and wife leased the 25 acre tract to John King, by metes and bounds description as given in the original deed to them; on January 29, 1931, John Loyd and wife sold to J. M. Barton an undivided one-fourth mineral interest in the 25 acre tract, describing it as in the other instruments to which reference has been made. Barton had the name of W. C. Windsor inserted in the deed as the grantee. John Loyd died intestate in 1932, and his widow and children, with various parties who hold under them, are the appellees herein. Inasmuch as the construction of this latter deed is the controlling issue on this appeal, after omitting certain parts that are unnecessary to be considered, we are copying the pertinent portions of it herein, as follows:

"Certain tract or parcel of land situated in Gregg County, Texas, about 11 miles w. from the town of Longview, and described as follows, to-wit:

"Beginning at the N. W. Cor. of Mrs. Sallie Hughey's land;

"Thence W. 15.81 chains to cor. a stake from which a sweetgum 14″ 2 brs. N. 70 W. 8 Links;

"Thence S. 15.81 chains to cor. witness a double T.O.

"Thence E. 15.81 chains to W. B. line of Hughey land, a stake from which a pine 14″ dia. brs. S. 45 W. 14 links;

"Thence N. to the place of beginning, containing 25 acres of land out of the L. B. Outlaw H. R. Survey."

"This being all the land owned by said John Loyd and Irene Loyd in the above described tract, whether properly described by field notes or not."

"Being deeded to me by Leon Smith by deed dated Nov. 26, 1910, and recorded in the Deed Records of Gregg County, Texas, in Vol. Z, page 318."

"Said land being now under an oil and gas lease executed in favor of John King, it is understood and agreed that this sale is being made subject to the terms of said lease. . . . and in event that the above described lease becomes cancelled or forfeited, then and in that event an undivided one-fourth of the lease interest and all future rents on said land for oil, gas and other mineral privileges shall be owned by said grantee owning one-fourth."

Appellant contends that a proper construction of the mineral deed from John Loyd and wife to W. C. Windsor operates to cover and include the 3.07 acre tract in controversy, and that the circumstances under which the deed was executed, taken in connection with the language used in the instrument, evidence an intention on the part of the grantors and grantee therein to include such tract in question in the conveyance made. The evidence shows that the 25 acre tract had a fence on the East, and was separated from a tract on the South by a fence and hedgerow. Also that in 1914 a fence was built on the North side of the 3.07 acre tract, which parcel of land joined the 25 acre tract, and that there was no fence or dividing line between these two tracts. The tract referred to as the 25 acre tract and the 3.07 acre tract upon a survey made were found to embrace only 24 acres added together.

An analysis of the various portions of the mineral deed from John Loyd and wife to W. C. Windsor shows a reference to a "certain tract of land, about 11 miles W. from the town of Longview," which is followed by a metes and bounds description and recital that it is 25 acres of land of the L. B. Outlaw H. R. Survey. Immediately following the description is the statement: "This being all the land owned by said John Loyd and Irene Loyd in the above described tract whether properly described by field notes or not." Next follows a statement that it is the same land deeded to Loyd by Leon Smith, dated Nov. 26, 1910; also a recital that said land was then under an oil and gas lease in favor of John King, and the sale of the mineral interest to W. C. Windsor covered one-fourth of all the royalty due to be paid under the terms of said lease. It is to be noted that the lease in favor of King covered specifically the 25 acre tract originally acquired by John Loyd from Leon Smith in 1910.

■ Various rules of construction applicable to ambiguous instruments and conflicting provisions thereof are quoted by appellants and appellees which are quite generally recognized. One principle is that when an instrument does not clearly disclose the intention of the parties, or if the language used is susceptible of more than one interpretation, then the circumstances attendant upon its execution may be looked to to ascertain the true intention of the parties. Another one is that a particular description ordinarily will prevail over a general description in case there is a conflict or lack of harmony between them. Still another rule is that the primary purpose in construing a written instrument is to arrive at the intention of the parties thereto, and that in so doing all parts of the instrument under examination must be construed in arriving at its meaning, and if possible, they should be so interpreted as to make effective all of such provisions. The first thing incumbent upon us in the instant case is to determine whether or not the mineral deed is ambiguous, or whether or not any portion or portions thereof are in conflict with any other part of the instrument. If, as appellant asserts, the deed as a whole shows within itself that it was intended to affect all of the land within a "certain tract or parcel of land situated about 11 miles w. from the town of Longview * * *" and that the land thus referred to was not limited to the 25 acre tract, but included as well the 3.07 acre tract, all as one body, then their position herein is sound. On the other hand, if as appellees maintain, there is no ambiguity in the instrument and the provisions set out are not repugnant or conflicting, there arises no occasion for harmonizing them. The able trial judge in his findings of fact arrived at the conclusion that the description in the deed was clear and unambiguous, and that all parts of the instruments are in harmony with each other. We are in accord with his reasoning and conclusions. The deed to W. C. Windsor conveyed an interest in a certain tract, definitely described, which was the 25 acre tract. To tie it down still more exactly, that 25 acre tract was referred to as the same tract bought from Leon Smith, and later under lease to John King. When the further statement is added: "This being all the land owned by said John Loyd and Irene Loyd in the above described tract, whether properly described by field notes or not," no repugnancy is created, since the plain reference is to the 25 acre tract. The logical and reasonable deduction to be drawn from the quoted provision is that all the land owned by the grantors in the tract in question was affected, that is, the 25 acres, although there might be an error in the metes and bounds description of it. No basis is laid for enlarging the area of the tract described by metes and bounds so as to include an adjoining tract in an entirely different survey. But even if we grant otherwise and say that the effect of the sentence above quoted is to create an ambiguity, then under authority of the cases of Cullers v. Platt, 81 Tex. 258, 16 S.W. 1003; Coffee v. Manly, Tex.Civ.App., 166 S.W.2d 377; East Texas Oil Refining Co. v. Simmons, Tex.Civ.App., 105 S.W.2d 507, we are of the opinion that the special provision of the deed, describing clearly and definitely the land affected, prevails over the general provision under discussion.

■ The trial court found upon the issue of mutual mistake that the deed clearly expressed the true intention of the parties and that only the 25 acre tract was affected, and that it was not intended that the 3.07 acre tract should be included in the deed, which fact finding has proper support in the evidence and is binding upon this court.

The judgment of the trial court is affirmed.