## McDONALD v. WALLACE.
### No. 9655.

Court of Civil Appeals of Texas. Austin.
Oct. 15, 1947.

Rehearing Denied Nov. 5, 1947.

Maude Pridgen Butler, pro se.

Jesse J. Bartlett and Alfred M. Scott, both of Austin, for appellee.

HUGHES, Justice.

This suit was originally brought by appellee, Creed Wallace, against appellant, Martha A. McDonald, in the justice court for the recovery of $195, being a treble damage suit under Title 50 U.S.C.A.Appendix, § 925(e), Emergency Price Control Act of 1942, as amended and supplemented, on account of an alleged overcharge of $65 for rent for one month on certain housing accommodations rented by appellee from appellant.

A jury trial in the justice court resulted in a verdict and judgment in favor of appellee for $195.

Appellant, Mrs. McDonald, removed the case to the County Court at Law of Travis County, where the cause was tried before a jury, which answered special issues favorable to appellee, upon which judgment for $100 was rendered against appellant. This judgment was entered April 22, 1947.

■ On April 26, 1947, Mrs. Maude Pridgen Butler filed a petition in intervention. The trial court refused her leave to intervene, Mrs. Butler joined in the appeal bond with appellant, Mrs. McDonald. She insists that the trial court erred in refusing her leave to intervene. We cannot determine this question, for the reason that an appeal does not lie from an order dismissing a plea in intervention, or in refusing leave to file a plea in intervention. Pioneer Am. Ins. Co. v. Knox, Tex.Civ. App., Austin, 199 S.W.2d 711, writ refused.

Appellant, in her brief, makes three points:

1. "There is no evidence in the testimony of Creed Wallace to show appellant allowed him to occupy her house willful."

2. There is no evidence from the findings of the jury of a rental overcharge as to the OPA in connection with appellant.

3. There is no evidence from the findings of the jury to show appellee was damaged according to special issue No. 3.

Special issue No. 3 found that appellant should pay appellee because of the rental overcharge the sum of $100.

No statement of facts has been filed in this court.

■ Each of the points made by appellant in her brief relates to the lack of evidence. We are unable to pass upon these points in the absence of a statement of facts. While no authorities should be required to support this statement of the law, in view of the fact that appellant, who is not a lawyer, is representing herself, we will make the following quotation from 3 Tex. Jur., p. 540: "In the absence of a

statement of facts the appellate court cannot determine questions depending upon the sufficiency of the evidence; and hence cannot consider assignments of error to the effect that the evidence is insufficient to support the findings, verdict or judgment, or that they are contrary to the evidence. On the contrary, when there is no statement of facts, and, in cases tried by the court without a jury, no findings of fact, it will be presumed that the evidence was sufficient for that purpose, and that every fact necessary to support the findings and judgment which was within the allegations of the pleadings was proved at the trial."

We have carefully examined the pleadings, charge of the court, verdict of the jury and judgment, and find no error therein.

Inasmuch as the amount of the justice court judgment was reduced in the county court, appellant is awarded costs in that court. All other costs are taxed against appellant, except those incurred by Mrs. Butler, which are taxed against her.

The appeal of Mrs. Maude Pridgen Butler is dismissed.

The trial court's judgment against appellant is affirmed.

Affirmed.