## BAKER v. WILLIS.
### No. 4736.

Court of Civil Appeals of Texas.
Beaumont.

March 15, 1951.

Baker, Vaughan & Black, Port Arthur, for appellant.

J. E. Wheat, Woodville, for appellee.

R. L. MURRAY, Justice.

The appellant, Mrs. Maye McNeely Willis Baker, was awarded a divorce from her husband J. B. Willis, the appellee, by judgment of the district court of Tyler County,

rendered May 2, 1950. On May 8, 1950, she married her present husband, W. H. Baker. In the divorce decree custody of their minor daughter, Cynthia, four years old, was awarded to the appellant six months of each year and to the appellee six months, until the child should attain the age of six years or until she started to go to school and thereafter appellant was to have custody of the child nine months of the year and the appellee the remaining three months of each year, and appellee was directed to pay $15.00 per month for the support of the minor child. In August, 1950, during the same term of court, appellee Willis filed a motion in the case asking the trial court to modify the judgment so as to give him full care and custody of the minor child, alleging changes in the conditions existing at the time the decree was granted. The trial court entered judgment modifying the original decree, and granted to the appellee the custody of the child, with appellant having the right to visit the child at reasonable times and places. The trial court filed findings of fact and conclusions of law, the principal portions of which are as follows:

"That on the trial of this cause the defendant testified that his wife while married to him had been secretly keeping dates and going out with one William Henry Baker, a married man, who had a family living in Port Arthur, Texas, and that she planned to marry this man as soon as she could get a divorce. The plaintiff denied these facts and said she had no intention of marrying anyone. However, on the rehearing it developed that William Henry Baker had filed suit in Jefferson County, and divorce was granted on April. 4th. This suit was filed on the 9th day of February, 1950, and a divorce granted on May 2, 1950. Immediately thereafter the said William Henry Baker obtained a marriage license dated May 4, 1950, in Calcasieu Parish, Louisiana, and on May 8, 1950, the plaintiff and the said William Henry Baker were married.

"The court, relying upon the truthfulness of the testimony of the plaintiff, granted divorce and gave her the custody of said minor child for six months in the year. The court now finds that the plaintiff deliberately misrepresented the facts as to her intentions and her marriage relationship with William Henry Baker, and that she had planned to marry the said William Henry Baker as soon as the divorces were obtained. That the court would not have awarded the custody of said child to the plaintiff if she had disclosed the real facts. The court now finds that she had been secretly going out with William Henry Baker, and that divorces were obtained by each of said parties in order that marriage could be consummated between them.

"The court further finds that William Henry Baker's conduct and former marriage relationships show the lack of respect for the sacredness of marriage and the lack of that fidelity so essentially necessary to the maintenance of a home and the court finds that it is not to the best interest of said child to be placed in his home, which is now and has always been unstable and uncertain as to duration of time and place.

"The court further finds that the home in which said child is now being cared for under the direct control and supervision of the defendant J. B. Willis is a suitable, Christian home in which the health, welfare and morals of said child will be properly and safely guarded and the court finds that it is to the best interest of said child that it be placed in the permanent custody of the defendant.

"Conclusions of Law

"1. The court concludes as a matter of law that the plaintiff is entitled to a judgment dissolving the marriage between plaintiff and defendant.

"2. The court further concludes that in view of the misrepresentation of facts made by the plaintiff on the trial of the case and the change of circumstances since the original judgment was entered herein, the original judgment should be amended and modified so as to grant the full custody of said minor child Cynthia Maureen Willis, should be awarded to the defendant.

"3. The court further concludes that the welfare and best interest of said minor child is the controlling factor in this cause and is superior to the rights or claims of

any party to the suit and the court having found that its best interest will be served by awarding the custody to its father J. B. Willis, that the said J. B. Willis is entitled thereto."

The appellant has duly perfected her appeal under three points, by which she contends that (1) the trial court erred in holding that it would be to the best interest of the minor child that its custody be placed with the appellee, pleadings and evidence being insufficient to support such finding; (2) the appellant was not shown to have been an unfit mother to assume responsibility such as taking care of and rearing the child and the court erred in depriving her of such custody; (3) the appellant being the natural mother of the minor child was entitled to have the entire custody and control placed with her, unless it was shown by competent testimony that she was disqualified and the pleadings and evidence failed to show any action or conduct on the part of the appellant to support the court's judgment and finding. All three points are considered together by the appellant in her brief and they are so considered here. Appellant relies on a statement in the opinion in the case of Redwine v. Redwine, Tex. Civ.App., 198 S.W.2d 472, 473, that "unless the mother is shown, upon divorce, to be unfit to assume such responsibilities, she is proper one to have custody of a very young child." We agree, of course, with this statement as a wise rule to be followed generally and in particular in a situation such as was presented in the Redwine case, supra, in which the contest for custody of the small child was between its mother and its paternal grandparents. As is said in Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241, 243, "Other things being equal, preference should be given to the mother in awarding the custody of * * * child". It is a well settled policy of the law that in deciding who shall have the custody of the minor child the best interests of the child involved should be the chief concern of the court. It is also well settled that the trial court is given wide discretion in awarding custody of children in suits of divorce and his judgment in the matter will not be disturbed on appeal, unless it is shown to be contrary to the great preponderance of the evidence so as to show an abuse of that discretion. The authorities are numerous on these settled rules.

In the instant case the trial judge's concern for the best interests of the child is reflected in his findings and conclusions. It was for the trial court to decide whether the best interests of the child would be served by placing it with her father, who is maintaining it in the home of his parents, rather than in the home of her mother and her new stepfather. The court could consider the facts which it found surrounded the creation of the new home, such as Mr. Baker's previous marriages and the circumstances which apparently showed some connection between that marriage and his recent divorce and the appellant's divorce in this case. We hold that the trial court's findings of fact are supported by the evidence and that the judgment was not an abuse of the trial court's discretion. Ordinarily, we would hesitate to affirm a judgment taking the custody of a small child away from its mother, but when, as in this case, the judgment in effect denies custody to the mother and the stepfather, we feel it necessary to do so, in reliance upon the trial court's discretion.

The judgment of the trial court is affirmed.