**John Q. HALL et ux., Appellants,**

v.

**Billy John DODSON et ux., Appellees.**

No. 6387.

Court of Civil Appeals of Texas.

Amarillo.

March 1, 1954.

Snodgrass & Calhoun, Amarillo, for appellants.

E. T. Miller and Archer & Hazlewood, Amarillo, for appellees.

PITTS, Chief Justice.

This is an appeal from a child custody action alleging changed conditions since the last award of the child was previously made by the same trial court on June 10, 1952, after the child's parents, both of whom are parties to this action, had been divorced prior thereto in the District Court of Fisher County, Texas. Appellee, Billy John Dodson, and appellant, Dollie Dodson Hall, were formerly husband and wife. During their marriage a son, Ronald Wayne Dodson, was born and he was five years and eight months of age at the time of this hearing on Sep-

tember 14, 1953. At the last previous hearing the custody of the child had been divided, giving the mother its custody for the nine school months of the year and the father its custody during the three summer months. On May 8, 1953, appellee, Billy John Dodson, joined by his then wife, Ethel Dodson, filed suit seeking full custody of the child, alleging changed conditions since the last award was made and that it would be for the best interest of the child that its full custody be awarded to them. Appellant, Dollie Dodson Hall, joined by her then husband, John Q. Hall, answered joining issues with appellees, and filed a cross action on August 6, 1953, seeking full custody of the child, alleging changed conditions since the last award was made and that it would be for the best interest of the child that its full custody be awarded to them.

The action was heard by the trial court without a jury and its former judgment of date June 10, 1952, was modified and changed by awarding full custody of the child to appellees, Billy John Dodson and wife Ethel Dodson, after denying appellants, Dollie Dodson Hall and husband John Q. Hall, any relief on their cross action. The trial court's judgment likewise authorized the child's mother, Dollie Dodson Hall, to visit the child at all reasonable times and places and likewise ordered and decreed that the child not be removed from the State of Texas without first obtaining the consent of the parties to this suit and the trial court.

Appellants perfected an appeal to this court and requested the trial court to file its findings of fact and conclusions of law. In its judgment the trial court found that conditions had materially changed since the last former award of the child was made and that it would be for the best interest of the child to change its custody and award appellees its full custody. It likewise filed its findings of fact and conclusions of law, as requested by appellants, in support of its judgment. It found and concluded that appellees were fit and proper persons to have custody of the child and that appel-

lants were not morally fit or desirable people to have the child's custody. It made and filed further material findings and conclusions consistent with and in support of the material ones previously herein mentioned.

Appellants have presented eight points of error challenging the findings of the trial court previously herein mentioned and attacking each of the said findings on the alleged grounds that they were contrary to the evidence and not supported by sufficient evidence. But the record does not contain any statement of facts or any of the evidence heard at the trial. The trial court's judgment is not attacked on any grounds other than those stated in the eight points of error. Appellees have denied appellants' charges and have also challenged each of appellants' eight points on the grounds that no statement of facts had been filed showing the evidence heard at the trial.

■ It has been consistently held that in the absence of a statement of facts an appellate court cannot determine questions depending upon the sufficiency of the evidence heard. Therefore we cannot consider appellants' eight points of error to the effect that the evidence was insufficient to support the trial court's findings or that such findings are contrary to the evidence heard. For the reasons stated we are bound by the findings filed by the trial court. Barreda v. Barreda, Tex.Civ.App., 216 S.W.2d 1009; Rothchild v. Turner, Tex.Civ.App., 138 S.W.2d 611; Dark v. Sheldon, Tex.Civ.App., 129 S.W.2d 830; Schmidt v. Citizens Industrial Bank of Austin, Tex.Civ.App., 89 S.W.2d 847; Arrington v. Mercantile Protective Bureau, Tex.Civ.App., 15 S.W.2d 663, affirmed, Tex.Com.App., 24 S.W.2d 383; 3 Tex.Jur. 540, Sec. 379. Since all of appellants' points relate to the lack of evidence, we are unable to pass upon the same in the absence of a statement of facts. McDonald v. Wallace, Tex.Civ.App., 205 S.W.2d 605. Since the appeal is before us without a statement of facts, all fact issues must be resolved in favor of the validity of the trial court's judgment.

Schulze v. Light, Tex.Civ.App., 143 S.W.2d 200.

In the case at bar the trial court was the trier of facts and where evidence is conflicting the trier of facts has the exclusive function of determining the credibility of the witnesses and the weight to be given their testimony. The awarding of the custody of a minor child in such a case is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Sawyer v. Bezner, Tex.Civ.App., 204 S.W.2d 19; Mahaffey v. Mahaffey, Tex.Civ.App., 219 S.W.2d 519; Canning v. Canning, Tex. Civ.App., 237 S.W.2d 1019; Baker v. Willis, Tex.Civ.App., 238 S.W.2d 544; Tuel v. Tuel, Tex.Civ.App., 252 S.W.2d 203.

For the reasons stated the judgment of the trial court is affirmed.