**Jack FINKELSTEIN and Texas Commerce Bank, Trustees, Appellants,**

**v.**

**Frank CARPENTER, Appellee.**

**No. 09–89–131 CV.**

Court of Appeals of Texas, Beaumont.

Aug. 30, 1990.

Rehearing Denied Sept. 18, 1990.

Douglas Johnston, Houston, for appellants.

Richard Evans, Evans, Moses & Barkley, Beaumont, for appellee.

OPINION

BURGESS, Justice.

Frank Carpenter ("Carpenter") filed a trespass to try title suit for title to a 22.625 acre tract out of the W. Jordan Survey, Section 294, Hardin County, Texas, against Jack Finkelstein and Texas Commerce Bank, Trustees, ("Finkelstein") and several other defendants not involved in this appeal. Finkelstein claimed title to 20 acres under a 1909 deed and to 2.625 acres under a 1910 deed to Finkelstein's predecessors in

interest. Carpenter claimed title to the entire 22.265 acres under a deed executed in 1961 by the heirs of the grantor ("the Guedry heirs") to Finkelstein's predecessors in interest. The issue at trial was the intent of the parties to the 1909 and 1910 conveyances. Finkelstein claimed the 1910 deed described and conveyed a 100 acre tract; Carpenter claimed the deed conveyed 80 acres. Finkelstein claimed the 1909 deed conveyance of 231.8 acres included an 18.29′ strip of land; Carpenter contended it did not. The trial court submitted the issues to the jury, which found for Carpenter on all issues. Finkelstein raises six points of error.

Appellants' first three points of error concern the 20 acres allegedly conveyed in the 1910 deed. Point of error one urges the trial court erred in submitting the ownership issue to the jury because the ownership of the land is a question of law and not of fact. Point of error two urges the trial court erred in failing to hold, as a matter of law, the 1910 deed conveyed 100 acres to Finkelstein's predecessor. Point of error three urges there is no evidence to support the jury's finding that the 1910 deed conveyed 80 acres of land.

The entirety of Section 294 was conveyed by patent to W. Jordan. Jordan conveyed the Section to George R. Enloe, who reconveyed the west 100 acres to Jordan, then conveyed the southwest 20 acres out of the remainder to Mansur. The description at issue begins at the northeast corner of the "W. Jordan 100 acres", thence east in the north line of the Section "far enough to make 100 acres by running parallel line with the E. line of the said W. Jordan 100 acres", thence south to the south boundary line of the Section "far enough for the said W. Jordan S.E. cor. to make one hundred (100) acres of land." The description continues west to the southeast corner of the Mansur 20 acre tract, north to the northeast corner of the Mansur 20 acre tract, west to the east line of the W. Jordan tract and north to the

point of beginning, "containing 100 acres of land". The location of the eastern boundary of the property is dependent upon whether the parties intended the calls "far enough ... to make 100 acres" to include the Mansur 20 acres. Appellants contend the reference to 100 acres refers to the land conveyed in the deed; however, the call is not so identified in the description. We agree with the trial court that the description is ambiguous.[1] Thus, the identity of the land intended to be conveyed by the deed is a question of fact for the jury. *Gorham v. Settegast,* 44 Tex.Civ. App. 254, 98 S.W. 665 (1906, writ dism'd). Competent surveyors testifying for each side differed in their interpretation of location of the end point of the disputed call. *See Mayflower Investment Co. v. Stephens,* 345 S.W.2d 786 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r.e.). Where the evidence conflicts, the question is properly submitted to the jury. *East Texas Oil Refining Co. v. Simmons,* 105 S.W.2d 507 (Tex.Civ.App.—Texarkana 1937, writ ref'd). *See also Leone Plantation v. Roach,* 187 S.W.2d 674 (Tex.Civ.App.—Waco 1945, writ ref'd w.o.m.); *Hart v. Greis,* 155 S.W.2d 997 (Tex.Civ.App.—Fort Worth 1941, writ ref'd w.o.m.). The statement "containing 100 acres" is descriptive only and does not establish as a matter of law that the property conveyed actually contains the stated acreage. *See Adams v. Grogan–Cochran Lumber Co.,* 181 S.W.2d 582 (Tex.Civ.App. —Amarillo 1944) *aff'd* 143 Tex. 490, 186 S.W.2d 677 (1945). Thus, the question was properly before the jury and there is some evidence to support the jury's findings. Points of error one, two and three are overruled.

Points of error four through six regards the 2.625 acre strip of land. The trial court submitted questions whether the 1909 deed did not convey the 18.29 foot strip to the Finkelstein predecessors and how much land the Guedry heirs owned in 1961. Point of error four urges the trial court erred in submitting the issues to the jury because the ownership of that land is a

---

**1.** The trial judge, the Honorable Earl "Smokey" Stover, who, before assuming the bench, practiced and studied real estate law in East Texas, is widely recognized and respected in this region for his expertise in this area of the law.

question of law rather than of fact. Point of error five urges the trial court erred in failing to hold the 1909 deed conveyed the disputed property to Finkelstein's predecessor. Point of error six urges there is no evidence to support the jury's answer to the question "Do you find from a preponderance of the evidence that the deed ... did not convey the 18.29' strip of land on the east side of the tract in dispute ...?"

 Enloe made several conveyances out of the eastern part of Section 294. In 1904 he conveyed 331.8 acres, described as "all of said Survey except such portions as have been sold heretofore", to U.H. Guedry and G.P. Guedry. On September 10, 1909, the Guedrys conveyed a tract of land to Finkelstein's predecessor described by metes and bounds and as containing 231.0 acres. The deed contains several descriptive errors. The two surveyors utilized different methods of determining the error or omission in the description with differing results. Finkelstein's surveyor reversed the calls and added two calls he claimed must have been omitted in the original, to make the description close. Carpenter's surveyor claimed the call "30 East 3000 feet for corner, on the South boundary line of said section No. 294" erroneously called for the entire width of the Section and should have called for a shorter distance to the point in the south boundary line. Finkelstein refers to his solution as "the only plausible explanation" and Carpenter's solution as "self-serving" and states that it was the duty of the trial court to ascertain the mistakes and correct them. The intent of the parties to a deed with respect to the boundaries is ordinarily a fact question. *Haby v. Howard*, 757 S.W.2d 34 (Tex.App.—San Antonio 1988, writ denied). Finkelstein relies on the "strip and gore" doctrine expressed in *Angelo v. Biscamp*, 441 S.W.2d 524 (Tex. 1969), which presumes the grantor's intent to convey narrow strips of land which are small in size and value in comparison to the adjoining tract conveyed by the grantor. The rationale for the doctrine, that the grantor must not have intended to retain something that could be of no use to him, is distinguishable considering the jury found

for Carpenter on the issue of the 20 acre tract of land to the immediate west. Thus, the intent of the parties as expressed in the deed was a fact question for the jury and there is some evidence to support the finding of the jury. Points of error four, five, and six are overruled and the judgment of the trial court affirmed.

AFFIRMED.