**CHANDLER et ux. v. WIEMERS.**
(No. 2120.)

Court of Civil Appeals of Texas. El Paso. March 8, 1928.

Rehearing Denied April 5, 1928.

1. **Appeal and error** &Comicon;544(1)—**In absence of bill of exception, appellate court will not pass on argument and remarks of counsel as constituting reversible error.**

In absence of bill of exception, appellate court will not pass on argument and remarks of counsel in opening and closing case as constituting reversible error.

2. **Trial** &Comicon;118—**Counsel, in arguing case, should accept law as given in court's charge as law of case.**

Counsel, in arguing case to jury, should accept law as given in court's charge as law of case.

3. **Appeal and error** &Comicon;978(3)—**Trial judge's discretion in refusing new trial for jury's misconduct is subject to review on appeal (Rev. St. 1925, art. 2234).**

Discretion of trial judge in refusing new trial for misconduct of jury while deliberating on their verdict, under Rev. St. 1925, art. 2234, is subject to review on appeal.

4. **New trial** &Comicon;143(1)—**Juror cannot be heard to impeach verdict by affidavit or otherwise.**

A juror cannot be heard to impeach his verdict by affidavit or otherwise.

Appeal from District Court, Atascosa County; W. O. Murray, Jr., Judge.

Application by Garland Owens for probate of the last will and testament of Johanna

Wiemers, deceased, contested by Chris B. Wiemers, temporary guardian of Christof T. Wiemers, surviving husband of Johanna Wiemers, and a person of unsound mind, in which C. M. Chandler and Lillie Ann Chandler intervened. From a judgment refusing the probate of the will, intervening proponents appeal. Affirmed.

Garnand & Barrow, of Jourdanton, and Clamp & Searcy, of San Antonio, for appellants.

R. R. Smith, L. Morgan Williams, and C. S. Slatton, all of Jourdanton, for appellee.

WALTHALL, J. This suit presents a contest against the probate of what purports to be the last will and testament of Johanna Wiemers, deceased.

In the county court of Atascosa county, sitting in probate, on October 1, 1926, an application for the probate of the last will and testament of Johanna Wiemers, deceased, was filed by Garland Owens, named in the will as independent executor. On February 25, 1927, pending the application to probate said will, Garland Owens filed his disinclination to act as such executor, and on the same day C. M. Chandler and Lillie Ann Chandler, principal legatees in said will, intervened in said proceedings.

In the county court the probate of said will was contested by Chris B. Wiemers, temporary guardian of Christof T. Wiemers, surviving husband of Johanna Wiemers, and a person of unsound mind.

A trial in the probate court resulted in a judgment denying the probate of said will, from which judgment intervening proponents duly prosecuted an appeal to the district court of said county.

In the district court contestant filed an amended answer, alleging, in substance, that his ward, Christof T. Wiemers, was a person of unsound mind; that he was the surviving husband of Johanna Wiemers, deceased, and that no child or children were born to them; that he was the only heir at law of Johanna Wiemers; that Johanna Wiemers was not possessed of sufficient mental capacity to make a will or to realize the nature of her testamentary act or to consider the rights and claims of those dependent on her bounty; that she was old, decrepit, and infirm in body and mind, weak and childish, and that C. M. Chandler and his wife, Lillie Ann Chandler, intervening proponents, together with Garland Owens, conspired to cause the execution of said will, and thereby acquired her property; that said will was the result of fraud and undue influence practiced on deceased, and was not the free act of her will.

Proponents replied by general denial.

In the district court the case was tried de novo and submitted to a jury upon special issues, to which the jury found:

(1) Johanna Wiemers did not execute the instrument offered for probate in this case as her last will and testament.

(2) On September 17, 1926 (date of the instrument), Johanna Wiemers did not have sufficient mental capacity to make a valid will.

(3) The execution of the instrument offered for probate as the last will and testament of Johanna Wiemers was the result of undue influence brought to bear on her by Garland Owens, C. M. Chandler, and Lillie Ann Chandler, or some one of them.

(4) The execution of the instrument offered for probate as the last will and testament of Johanna Wiemers was not the result of fraud practiced upon her by Garland Owens, C. M. Chandler, and Lillie Ann Chandler, or any of them.

On the verdict as returned, judgment was entered refusing the probate of said will.

Proponents, C. M. Chandler and Lillie Ann Chandler, prosecute this appeal.

### Opinion.

Appellants present three propositions as grounds for a reversal and new trial.

[1, 2] The first complains of improper argument and remarks of counsel, both in the opening and closing of the case before the jury. In the absence of a bill of exception, we will not pass upon the argument and remarks as constituting reversible error. We might say, however, in passing, that counsel in arguing the case to the jury ought to accept the law as given in the court's charge as the law of the case. Any other rule would be confusing to the jury, and likely result in a mistrial.

The remaining propositions complain of the overruling of appellants' motion for a new trial, charging misconduct of the jury in the trial of the case, as shown in the bill of exception.

The bill of exception approved by the trial court shows that on the hearing of the motion for new trial eleven of the jurors who served as such on the trial of the case were present before the court, sworn, and put under the rule. Juror W. C. Cook was the only one who testified on the hearing of the motion. When Cook had testified, both sides to the controversy rested, and the court overruled the motion. The only question presented here under the two propositions is to the action of the court in the ruling upon the motion for new trial.

Under the direction of the trial court, the evidence of the juror Cook is in the bill of exceptions, in form of questions and answers, and covers several pages of the transcript. We will abbreviate as much as may be done, combining questions and answers, and will state only what seems to be of material value. It is substantially as follows: R. M. Busby was a juror who sat in the trial of the case. Busby said:

"There had been a new law, late law, enacted where the husband or wife, either one, was confined to the insane asylum, that it gave the other one a right to dispose of the property any way that he or she seen fit to do so."

To the question as to how the witness applied the statement to the case, witness said: "Well, I taken it for granted that Mr. Busby was a fair-minded man; that he knew that was the law, and, if that was the law, why, I wasn't willing to render a verdict that would give Mr. Chandler all that property;" said the jury had not agreed on a verdict at that time. Before Mr. Busby made that statement, "According to my best judgment of the evidence given in the case, I believe she (testatrix) was sane," juror said he believed testatrix executed the will; that, prior to the argument of juror Busby, on the special issue No. 2: "Did Mrs. Johanna Wiemers, on September 17, 1926, have sufficient mental capacity to make a valid will?" juror said: "Well, from the evidence given in the case, I believe. that Mrs. Wiemers was of a mind—had sufficient mind to make a will." After some questions and answers as to how the witness juror stood on the third special issue, undue influence, prior to the above statement of juror Busby, and the juror's understanding as to the meaning of undue influence to the question: "What was your conclusion as to undue influence in the case, from the evidence in the case?" the juror answered: "From the evidence given in the case, my opinion was it wasn't any undue influence. Question: Now, did Mr. Busby's statement have any influence on you in answering this question? Answer: Well, it did to some extent. Question: Did you hear any argument in the jury room about, or any statement to the effect that the Chandlers would have a chance to come in for one-half of it anyway? Answer: Yes, sir; Mr. McAllister made the statement, it didn't make any difference how we would answer these questions given by the judge; it wouldn't have anything to do with the property hereafter; that Mr. Chandler or his attorney should enter suit for the property." The juror said that statement was made before a verdict was reached, and that it influenced him in rendering a verdict like he did, "to some extent it did. Question: Would you have agreed on the verdict that you did agree to, if you hadn't believed these statements?" · to which the juror answered: "I don't believe I would." Other similar questions to the juror Cook elicited similar answers, on cross and redirect examination, which we need not state, the juror stating, in answer to questions, that he "was influenced by this new law," and that "I thought I was rendering a just verdict," and that "I didn't render a verdict according to the way I understood the evidence at first, because I was influenced by this new law that Mr. Busby brought in."

It might be added that what purports to be the last will of Mrs. Johanna Wiemers was executed on September 17, 1926, and, after providing for the payment of her debts and funeral expenses, testatrix by the instrument gives to four people named $200 each to be paid in cash, and the rest of the estate she leaves to C. M. Chandler and wife, Lillie Ann Chandler. The will appoints Garland Owens independent executor of the will, without bond, and directs that no action be had in the court with reference to the estate other than the probating of the will and filing an inventory and appraisement of the estate.

Article 2234, R. C. S. 1925, provides that, where the ground of the motion for a new trial is misconduct of the jury, the court shall hear evidence thereof, and may grant a new trial, if such misconduct proved be material.

[3] The discretion of the trial judge in refusing a new trial for misconduct of the jury while deliberating on their verdict is subject to review on appeal.

[4] We are not prepared to say that the conduct of the jury, as detailed by the juror Cook, was not improper conduct. The jury, as stated by Cook, agreed to a false verdict, in that they agreed to a verdict which they believed to be contrary to the true facts. The testimony of the juror Cook simply impeaches the verity of the verdict which all of the jury, including the juror Cook, agreed to return, and did return. Some of our Courts of Civil Appeals have held that such conduct on the part of the jury is not statutory misconduct, but impeachment. This court so held in Moore v. Orgain (Tex. Civ. App.) 291 S. W. 583 (writ refused). See, also, Twichell v. Klinke (Tex. Civ. App.) 272 S. W. 283; Heard v. Heard (Tex. Civ. App.) 272 S. W. 501. The statute does not define nor state the fact or facts which constitute statutory misconduct as used in the above article. However, that may be, as said by Judge Higgins in Moore v. Orgain, supra, speaking for this court, from an early date it has been the established rule in this state that a juror cannot be heard to impeach his verdict by affidavit or otherwise, and referred to a list of cases so holding.

Also, in Caylat v. Houston E. & W. T. Ry. Co., 113 Tex. 131, 252 S. W. 478, there is reported a clear and comprehensive opinion by Judge McClendon speaking for the Commission of Appeals, Section B, in which a large number of cases in the state and elsewhere, both state and federal, are reviewed. Without reviewing the case, it is there held that, except as modified by our statute on the subject (Rev. C. S. 1925, art. 2234), evidence was not receivable to impeach the verdict of the jury on the ground of misconduct of the jury in arriving at their decision. In Bradley v. Texas & Pacific Ry. Co. (Tex. Com. App.) 1 S. W. (2d) 861, is found

the most recent discussion of the question involved here, and an application of article 2234, Rev. St. 1925, and cases cited. The opinion cites with approval Texas Employers' Insurance Ass'n v. Eubanks, 294 S. W. 905, by the Amarillo Court of Civil Appeals, in which it is said that a juror cannot impeach his verdict, and that illogical reasons therefor are not misconduct, and that the views and notions that jurors may entertain, individually or collectively, of the law, cannot affect their verdict.

For reasons stated, the case is affirmed.