## MILLER v. DIAMOND et al.
### No. 10470.

Court of Civil Appeals of Texas. Dallas.
Jan. 18, 1930.

Rehearing Denied March 1, 1930.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellant.

Eckford & McMahon, of Dallas, for appellees.

JONES, C. J.

In a suit in a district court in Dallas county, appellant sought to recover damages alleged to have been sustained as the result of an automobile collision between his car and a car owned by W. M. Diamond, R. J. Lowry, and J. E. Johnson, who operated rent cars under the trade-name of Diamond Fifty-Cent Ford Service and also under the trade-name of Diamond Auto Rent Company, and against the Commercial Standard Insurance Company, which had issued indemnity insurance to the owners of the latter car. From a judgment adverse to his claim appellant has duly perfected an appeal to this court. Johnson is alleged to be a nonresident and insolvent, and the suit was not prosecuted against him.

There are only two questions raised by the briefs of the parties that challenge the attention of this court. The case was tried to a jury and submitted on 37 special issues. Appellee Diamond, who claimed to be the owner of the car in the collision, also filed cross-action against appellant for damages to his car. The effect of the findings of the jury, as returned into court, is that the collision was caused by the negligence of the driver of the Diamond car, which was a Chevrolet. Appellant's car was a Dodge sedan. The evidence as to whether the driver of the Chevrolet car was in the employ, at the time of the collision, of Diamond and Lowry, operating the rent car service, was in sharp conflict, and the evidence as to whether this driver, on the occasion in question, was using the car on a mission solely of his own, or was driving the car on a mission of the Auto Rent Company, is in conflict also. The policy of insurance only covered damages by a collision with other cars when the car was operated on a mission for carrying passengers.

The issue raised by appellant, by proper assignment of error, is that the court erred in refusing to grant his motion for a new trial because the answers of the jury to special issues Nos. 7, 8, and 9 were answered, through mistake in committing to writing the verdict, contrary to the unanimous finding of the jury on these issues. This claim of mistake is made known by the affidavits of the foreman and ten other jurors. It is shown by evidence that the twelfth juror could not be interviewed, for the reason that he was out of the state on a vacation during the time in which the motion for a new trial had to be passed upon.

The second contention is made by appellees, by proper cross-assignments of error, and charges error of the court in refusing peremptory instruction in favor of each of the defendants on the ground that the evidence raised no issue on the question of the driver of the Chevrolet car being in the scope of any duty as an employee of the Rent Company on the occasion of the collision, but conclusively

showed that at such time he was on a private mission of his own.

Special issues Nos. 7, 8, and 9 are as follows:

"No. 7: Was Howard Cochran, the driver of the Chevrolet car at the time of the collision on the occasion in question, performing any service which he had been employed to perform for the defendants, W. M. Diamond and R. J. Lowry? Answer: No.

."No. 8: Was Howard Cochran, the driver of the Chevrolet car at the time of the collision on the occasion in question, acting within the general scope of his authority, and in the course of his business for the defendants, W. M. Diamond and R. J. Lowry? Answer: No.

"No. 9: Was Howard Cochran, the driver of the Chevrolet car at the time of the collision on the occasion in question, upon a mission and/or errand directed by, either expressly or impliedly, authorized by either the defendant W. M. Diamond and/or R. J. Lowry? Answer: No."

The affidavits of the eleven jurors are attached to the motion for a new trial. It appears from each affidavit that the jury unanimously agreed on a verdict, that said Howard Cochran on the occasion in question was in the employ of, and performing a service for, Diamond and Lowry; that at said time such driver was acting within the general scope of his authority and in the course of his business for appellees Diamond and Lowry; that said Cochran was at the time of the collision upon a mission or errand directed by said Diamond and Lowry; that if the juror (who appears to have been the foreman) who wrote the answers had written the word "no" to the answer of each of said special issues, he did so through a mistake, and the answer "yes" should have been written in response to each of the issues. As to the answers being a mistake, the respective affidavits are unanimous. In accounting for the mistake, these affidavits vary to some extent, but all declared in effect that the jury received the charge late in the afternoon and decided to return a verdict that afternoon, and that in the confusion and hurry of getting through, the answers to these three questions were incorrectly written. Two or three of the jurors declare that it may have been because of a misunderstanding of the meaning of the questions. This necessarily referred to the juror who wrote the answers. However, the legal effect of these affidavits is a unanimous assertion that the three questions were mistakenly answered "no," when they should have been answered "yes." None of the jurors were called as witnesses on the hearing of the motion for a new trial, but the affidavits were each read to the court and evidence offered accounting for a failure to get the affidavit of the twelfth juror. Article 2234, R. S. 1925, in reference to motions for new trial, reads: "Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material."

■ Appellees contend that under this article, the affidavits of the jurors attached to the motion for a new trial cannot be considered as evidence of the facts contained in the affidavits, but must be considered only as pleading laying the basis for the reception of evidence, and hence appellant did not sustain his allegation of mistake, in writing the verdict, by any evidence before the trial court. This contention is well taken if appellant's motion, raising the issue of mistake in committing to writing the verdict of the jury, comes within this statute. The statute itself declares that "the court shall hear evidence thereof from the jury or others in open court." So far as we know, the higher courts of this state unanimously hold that, in a motion complaining of misconduct of the jury as ground for a new trial, the affidavits of the jurors, attached to such motion, cannot be received as evidence, but that the jurors must be sworn and give testimony in open court. Appellant's motion, however, does not present a case of misconduct, but presents one of clerical error in committing to writing the unanimous verdict of a jury on the three issues, and is not, therefore, controlled by the procedure prescribed in such article of the statutes.

■ The fact that a clerical error was made in recording the verdict of the jury may be shown by the affidavits of the jurors. Caylat v. Railway Co., 113 Tex. 131, 252 S. W. 478, 480, and authorities there cited. If the affidavits of the jurors are at variance with each other as to whether a mistake was made in transcribing their verdict, then an issue of disputed fact would be presented that might call for evidence from the jurors in open court to determine such issue; but in cases where the affidavits of the jurors are not at variance, but unanimously speak the fact of a mistake, then no issue of disputed fact is made and no necessity for evidence to determine a disputed issue exists. The above-cited case is, we think, precisely in point on the question under review. It is rendered by the Commission of Appeals and approved by the Supreme Court. The following quotation from the opinion is made: "The great weight of authority, both in this country and in England, is to the effect that a unanimous mistake of the jury, in the nature of a clerical error, in writing or reporting their verdict, already arrived at—as contradistinguished from an act constituting misconduct or fraud on the part of the jury, or a mistake of fact

or law arising in their deliberations, as for example their misinterpretation of the evidence or the charge of the court, or of the legal effect of their verdict—is not misconduct of the jury, does not come within the rule [article 2234] above announced, and may be shown by the affidavits of the jurors themselves; and where the evidence is conclusive that such mistake was made, relief may be granted"—citing a long list of authorities.

The holding of the reported case is that where there is a mistake of the character of the one here shown to have been made, it is the duty of the trial court to set aside the verdict and grant a new trial, and that it is error not to do so. In the reported case, as well as the case under review, the trial court took the precaution to ask the jury, after the reading of the verdict, if the verdict as read was the verdict of each of them, and the jury in each case signified that it was. Under the authority of this case, this assignment of error must be sustained. If, however, the evidence did not raise any issue of fact as to the three said special issues, then such error was harmless and the case must be affirmed. Did the evidence warrant the submission of these issues?

The evidence of Diamond and Lowry each is to the effect that Cochran, the driver of the Chevrolet car, had been in their employ as a driver of the cars in the auto rent business, but that in November he suffered an attack of appendicitis, which necessitated an operation at Baylor Hospital, and that he did not get out of the hospital until the latter part of December and was not in their employ during the months of December and January. The testimony of Diamond further is that on the afternoon in question, Cochran borrowed the Chevrolet car from him to go out to East Dallas and get some rabbits from a friend who had been hunting, and that while Cochran was on this mission of his own, the collision with appellant's car occurred. The testimony of Cochran is to the same effect, but statements purported to have been made by him, both at the time of the accident and subsequent thereto, tended very strongly to contradict him in this testimony. Three witnesses, two of whom were policemen, whose beat included appellees' place of business, testified that during the last week in December and in January Cochran was regularly at appellees' place of business, and was seen driving passengers in appellees' cars and going from and coming to their place of business, driving their cars. The effect of this evidence was to contradict Cochran, Diamond, and Lowry as to Cochran's being in appellees' employ during the time under review.

In view of these facts, we are of opinion that the evidence was sufficient to raise the issue both as to whether Cochran was in appellees' employ at the time of the collision and as to whether he was driving a car on a mission of appellees, and driving such car under the conditions covered by the insurance policy. It necessarily follows that the court did not err in overruling the requested peremptory instruction and in submitting special issues Nos. 7, 8, and 9 to the jury. The cross-assignments of error in this respect are overruled.

Because of the error of the trial court, refusing to grant appellant's motion for a new trial, because of the mistake of the jury in committing to writing their verdict on special issues Nos. 7, 8, and 9, this cause must be reversed and remanded.

Reversed and remanded.