## JAMES v. PERRY.
### No. 9681.

Court of Civil Appeals of Texas. Austin.

Jan. 21, 1948.

Rehearing Denied Feb. 4, 1948.

Clyde Vinson, of San Angelo, for appellant.

Thomas E. Davenport and James P. Farrell, both of San Angelo, for appellee.

GRAY, Justice.

Plaintiff, Elizabeth H. James, individually and as community survivor of the estate of herself and deceased husband, N. A. James, brought this suit against A. C. Perry. For cause of action plaintiff alleged

a written lease contract with the defendant executed during the lifetime of N. A. James, but without his signature; N. A. James died July 15, 1944, and plaintiff thereafter duly qualified as community survivor; that plaintiff owned on October 1, 1941, and still owns, a certain building in the City of San Angelo, Texas, "together with all equipment therein, as her own separate property." Plaintiff alleged that on October 1, 1941, she entered into a written contract with defendant, leasing to him, for a term of two years, the west half of the above mentioned building, together with the equipment, furniture and fixtures therein, for a rental of $150 per month, and defendant agreed to keep all such equipment, furniture and fixtures in good repair, and if any were lost, broken, or destroyed to replace the same, and at the end of the lease to return the property in as good condition as when received, ordinary wear and tear excepted. That defendant went into possession of said property October 1, 1941, and continued in possession thereof until June 1, 1943, at which time he surrendered possession to plaintiff, except that he did not deliver back 37 articles, which plaintiff lists, together with the reasonable market value thereof; that defendant delivered back 13 articles in a damaged condition, which are listed, with the reasonable cost of repair; that defendant paid the rent for said property for all months except the month of May 1943.

Plaintiff alleged her husband inadvertently failed to sign the contract; the defendant occupied said building and used said property; that plaintiff has fully performed her part of the contract and sued for rent for the month of May 1943, for damages for the property returned in a damaged condition, and for the value of the articles not returned.

In the alternative, plaintiff plead defendant was a tenant at will, adopted, by reference, paragraphs of her first pleading wherein the articles of equipment, furniture and fixtures are set out with their alleged value and the cost of repair; sued for reasonable rental of the building for the month of May 1943, for the reasonable value of the articles not returned, for damages to the articles returned in a damaged condition, and for interest and cost.

And again, in the alternative, plaintiff plead an oral contract with the defendant for the lease of the property before mentioned; referred to and adopted paragraphs of her first pleadings, prayed for recovery of reasonable rent, for damages for the articles not returned, for reasonable cost of repair of damaged articles, interest and cost, etc.

The trial court sustained seven special exceptions to plaintiff's pleadings, and plaintiff declining to amend, dismissed the petition. Plaintiff excepted to the judgment of dismissal, has appealed, and here presents for review the action of the trial court in dismissing her petition.

■ Defendant's first special exception is to plaintiff's allegation that "plaintiff owned on October 1, 1941, and still owns, the property described in the lease contract, "as her own separate property," for the reason such allegation is a conclusion. This exception was improperly sustained. Appellee having gone into possession of the property by virtue of his contract with appellant, cannot dispute her title—absent exceptions not here presented. 27 Tex.Jur., p. 71, § 20. In order that our holding in this case may be understood at another trial, we deem it advisable to consider the remaining portions of said exception, which read: "If such allegation were true, then the allegation that she qualified as community survivor of the estate of herself and deceased husband, N. A. James, is immaterial and should be stricken and because if she is suing in her individual capacity or suing in her capacity as community survivor then she should be called upon to elect which capacity she will prosecute this suit so that defendant may properly prepare his defense."

■ This suit can be maintained in the dual capacity in which it is brought. That is, by plaintiff individually and as community survivor, and plaintiff cannot be required to elect in which capacity she sues. Rule 40 and Rule 41, Vernon's Texas Rules of Civil Procedure. Her suit is for rents and for damages alleged to have accrued

because of breach by defendant of his contract. The rents, if recovered, would in any event belong to the community estate.

By exception No. 2, defendant excepts to paragraph 8 of plaintiff's petition alleging "that her husband, N. A. James, inadvertently failed to sign said contract," because such failure to sign rendered the contract void, and all allegations alleging the contract should be stricken.

 Accepting as true, for the purpose of determining this exception, plaintiff's allegation that defendant went into possession of the property under the contract, enjoyed its use until June 1, 1943, and paid the rentals for all months except for May 1943, precludes defendant from pleading the coverture of plaintiff as a defense for his breach of the contract. Such plea is personal to her. Commercial Hotel et al. v. Weeks et al., Tex.Civ.App., 254 S.W. 521 (Error Dis.). The trial court erred in sustaining this exception.

Exceptions 3, 4 and 7 complain of the reference in plaintiff's alternative pleadings to paragraphs in her first pleading and which paragraphs are adopted. Rule 48, Vernon's Texas Rules of Civil Procedure, makes provision for alternative pleadings, and Rule 50 makes provision for reference to paragraphs in prior pleadings so long as such paragraphs have not been superseded by amendment. The trial court was in error in sustaining each of these exceptions.

Special exception No. 5 complains of plaintiff's prayer for recovery of interest. Our examination of the pleadings does not disclose any allegation for interest as an element of damage. The prayer is for recovery of the sums of money sued for "with interest." The pleading is sufficient for the recovery of interest as prayed for. Ricks v. Culp, Tex.Civ.App., 206 S.W.2d 285. The trial court erred in sustaining special exception No. 5.

Special exception 6(a) relates to the pleaded conclusion hereinbefore discussed. Nos. 6(b) and 6(c) except to plaintiff's pleadings because the contract as pleaded is within the statute of frauds. In addition to what has been said under exception No. 2, supra, the pleadings in this case present a case in which to enforce the statute of frauds would in itself be a fraud against plaintiff's right. Burgin v. Godwin, Tex.Civ.App., 167 S.W.2d 614 (Error Ref. WOM.). The trial court erred in sustaining special exceptions 6(b) and 6(c).

It follows the trial court erred in dismissing plaintiff's petition, for which error the judgment is here reversed and remanded.

Reversed and remanded.