**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**Horace F. BALLARD, Appellee.**

**No. 6545.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 26, 1955.

Rehearing Denied Jan. 23, 1956.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo (Tom Lorance, Jr., Amarillo, of counsel), for appellant.

Merchant & Fitzjarrald, Amarillo (Edward L. Poole, Amarillo, of counsel), for appellee.

PITTS, Chief Justice.

This is a compensation case involving a choice of benefits between two specific injuries. Appellee, Horace F. Ballard, filed suit against appellant, Texas Employers' Insurance Association, a corporation, for compensation benefits by reason of injuries sustained by him on or about January 6, 1954, while he was engaged in the course of his employment by H. A. McGinnis, employer.

The case was tried to a jury upon special issues submitted. The jury found that appellee sustained an injury to his right leg at and above the knee which resulted in the total loss of the use of his right leg at and above the knee for a duration of 33 weeks; that following such period of time, appellee suffered a 20% partial permanent loss of the use of his right leg above the knee. For both of such periods of disability appellee, under the law, would be entitled to compensation in the total sum of $2,174.36. The jury further found that appellee sustained a total permanent loss of the use of his right leg below the knee and that his average weekly wage rate was $67.30. For such total permanent disability appellee would be entitled to the sum of $3,250 as compensation under the law. The latter sum being the greater of the two by $1,075.64 and the finding of the two specific injuries not being in conflict but appellee not being entitled to both sums, the trial court by judgment entered upon the jury verdict awarded appellee the sum of $3,250, the greater of the two sums, less the sum of $475 as a credit

admittedly previously paid to appellee by appellant as compensation for 19 weeks at the rate of $25 per week. From the judgment entered appellant has perfected an appeal insisting that judgment should be awarded to appellee for only $2174.36, the lesser sum, less the credit of $475 previously paid to appellee by appellant.

◼ Appellant contends that the compensation law and particularly Section 12 of Article 8306, Vernon's Ann.Civ.St. provides that where an employee sustains concurrent injuries resulting in concurrent incapacities, as appellee did in the instant case, he shall receive compensation only for the injury which produces the longest period of incapacity and that since appellee's period of incapacity for his injury above the knee was 200 weeks and his period of incapacity for his injury below the knee was for only 125 weeks, judgment should have been rendered for appellee for his injury above the knee, the longest period by 75 weeks, although such judgment would have awarded appellee less compensation benefits by the sum of $1075.64. In construing the provisions of Section 12 of Article 8306 known as a part of the Compensation Act and the rules of procedure in connection therewith, the Supreme Court does not seem to agree with appellant's contentions here made. In the recent case of Hargrove v. Trinity Universal Ins. Co., 152 Tex. 243, 256 S.W.2d 73, 75, the court said in part:

"Rule 301, Texas Rules of Civil Procedure, provides: 'The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, *and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. * * * * * * ** Since the workman coming under the terms of the Act is denied his common law rights it is held that the Act should be liberally construed in his favor. Texas Employers' Ins. Ass'n v. Andrews, 130 Tex. 502, 110 S.W.2d 49; Maryland Casualty Co. v. Hendricks Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969; American Mutual Liability Ins. Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844. A liber-

al interpretation will award him the greatest benefits the nature of his injuries will sustain."

The loss of the use of appellee's leg below the knee is permanent or for lifetime, although he is compensated under the law for only 125 weeks. Permanent is a longer period than for 200 weeks. Because of the facts here presented, to which we believe the recent cited authority applies, we overrule appellant's contentions here made.

◼ Assuming, however, that appellant's contentions are sound, under the principles of law announced by the court in the case of Texas Employers' Ins. Ass'n v. Brownlee, 152 Tex. 247, 256 S.W.2d 76, appellee would be entitled to recover benefits for the loss of the lower part of his right leg without regard to any injury received above the knee.

◼ Appellant further contends that in the event judgment be rendered for compensation benefits by reason of appellee's injury above the knee, there is no conflict between jury findings, but, if the judgment as rendered by the trial court for compensation benefits by reason of appellee's injury below the knee is permitted to stand, there are conflicting and contradictory jury findings. Appellant predicates its contentions of conflicting and contradictory jury finding as the judgment now stands upon the fact that the jury found in answer to Special Issues Nos. 11, 12 and 13 that appellee's injury below the knee resulted in a total loss of its use, permanently and not temporarily and that the jury's answer to Special Issue No. 20 is in conflict with the findings shown particularly to the answer given to Special Issue No. 11. Special Issue No. 20 and the answer thereto are shown to be as follows:

"Do you find from a preponderance of the evidence, that the incapacity, if any, to the right leg of plaintiff was not caused solely by the partial loss of use, if any, of the leg below the knee? Answer 'It was solely caused' or 'It was not solely caused.'

"Answer: It was solely caused."

Previously the jury had answered Special Issue No. 11 to the effect that appellee's injury below the knee resulted in a total loss of the use of his right leg below the knee. Appellant contends that the jury's answer to Special Issue No. 11 conflicts with its answer given to Special Issue No. 20, which found, according to appellant's contentions, that he received only a partial loss of the use of his right leg below the knee. An examination of Special Issue No. 20 and the answer thereto will reveal that such was a defensive issue and did not in fact constitute a finding that appellee's injury below the knee was partial. The ultimate question propounded in Special Issue No. 20 sought to find the cause of the incapacity of appellee's right leg and not whether it was total or partial. In submitting all issues raised by the pleadings and evidence the trial court did inquire if appellee suffered a partial loss of the use of his right leg below the knee in submitting Special Issue No. 15 in the following language:

"Do you find, from a preponderance of the evidence, that the plaintiff has suffered a partial loss of the use of his right leg below the knee as a result of the injury, if any, sustained by him on January 6, 1954? Answer 'Yes' or 'No.'

"Answer: ——————."

But the jury did not answer Special Issue No. 15 since it had already answered in Special Issue No. 11 that such loss was total for which reason there was no occasion for the jury to answer Special Issue No. 15 inquiring about partial loss. Appellant complains (but not in a separate point of error presented) because the jury did not answer Special Issue No. 15, yet it claims that the information sought in such special issue was found to be true in answer to Special Issue No. 20. However, we can not agree with such contention. In fact, we believe Special Issue No. 20 and the answer thereto are surplusage and do not affect the remainder of the verdict. The information there sought and obtained, however, was not ultimately or essentially necessary to determine any of the material questions raised. The language used in Special Issue No. 20 was probably predicated upon the language used in forming Special Issue No. 15 which was not answered by the jury because an answer thereto was not necessary in view of a previous finding concerning the injury inquired about. In forming Special Issue No. 20 to make it consistent with other issues submitted, it would have been better if the trial court had inquired if appellee's incapacity to his right leg was not caused solely by the "injury below the knee" rather than the presumptive phrase of "partial loss of the use of the leg below the knee." Special Issue No. 20 was submitted without any objections as to its form or otherwise. In our opinion there is no conflict in the jury findings. At the very most there is only an inconsistency concerning an immaterial matter. Appellant concedes that a judgment of some nature should be rendered for appellee upon the jury verdict but it insists that it should be for a smaller amount. In our opinion appellant's contentions here made are defeated by the holding of the court in a similar situation announcing the rules of law, just as applicable here as there, in the case of Perez v. Houston & T. C. R. Co., Tex.Civ.App., 5 S.W.2d 782, 783, wherein the court said in part:

"The mere fact that there may be inconsistencies in the findings of the jury, or that the jury may have found a number of different issues favorably to one party which might apparently be in conflict, would not authorize the trial court to refuse to enter a judgment on said findings, if, as a matter of law, under no phase of the findings of the jury and in no contingency could any other judgment be entered.

"Where the jury on the controlling issues finds the facts and there is no contradictory finding, the trial court should enter judgment in conformity with the jury's findings. Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875; Miller v. Lemm, Tex.Com.App., 276 S.W. 211; Deal v. Craven, Tex.Com.

App., 277 S.W. 1046; Harris v. Western Union Telegraph Co., Tex.Civ. App., 281 S.W. 877; Liverpool & London & Globe Ins. Co. v. Cabler, Tex. Civ.App., 271 S.W. 441."

For the reasons stated appellant's contentions about these matters are overruled.

In connection with this matter we might also cite the holding of the court in the case of Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314, 317. This case has often and consistently since been cited. The court there said in part:

"Practically speaking there is no absolutism in procedure, especially in that branch of the trial procedure having to do with submitting causes upon special issues. Difficult problems in submission are not infrequent with the trial judge. Fort Worth & D. C. R. Co. v. Rowe [Tex.Civ.App., 69 S.W.2d 169], supra. As stated by Chief Justice Gaines speaking in another, but related, connection in Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 561, 40 S.W. 391: 'But the rules of procedure in the courts should be so framed as to secure substantial justice, and any oversight of the court or of counsel, which, within certain limitations, is not calculated to operate to the prejudice of the parties, and has not so operated, should be disregarded.'"

█ It must be presumed that the jury did not intend to return conflicting answers. Rule 434, T.R.C.P., says in part:

"Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presenta-

tion of the case to the appellate court; * * *."

In any event it is our opinion, for the reasons stated, that appellant's points of error should be overruled and the judgment of the trial court affirmed.