**WYNNEWOOD STATE BANK, Appellant,**

**v.**

**Wanda Louise BRIGHAM, Appellee.**

**No. 7903.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 8, 1968.

Rehearing Denied Dec. 10, 1968.

Wm. Andress, Jr., Andress & Woodgate, Virgil R. Sanders, Sanders & Nolen, Dallas, for appellant.

Byron L. Falk, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellee.

FANNING, Justice.

Appellee sued appellant and appellant filed a cross-suit. Appellant sought to foreclose its deed of trust lien securing a note executed in 1960 payable over a ten year period. Appellee, the widow of the maker of the note, contended to the effect that the indebtedness was cancelled for failure of appellant to perform an oral agreement to procure credit life insurance upon the life of her husband, the maker of the note.

On August 16, 1960, the decedent executed his note to the bank for $21,000.00 pay-

able in monthly installments of $233.16 for a period of ten years, secured by deed of trust on real property. $2,000.00 of the loan was for the purpose of paying for credit life insurance of decedent for the term of loan. The bank bought credit life insurance for a five year period, using about half of the $2,000.00 for this purpose. However, when the five year period expired in August, 1965, the bank failed to renew or purchase an additional five year credit life insurance policy, or any other type of credit life policy on the life of Mr. Brigham, although Mr. Brigham had with said bank the balance of the $2,000.00 needed to purchase the credit life insurance. A cashier's check for $950.00 was left in Mr. Brigham's file by the bank for the purpose of paying the premium for the second five year credit life policy.

Mr. Brigham died in December, 1965. Payments were duly made on the note up to and including January, 1966. When appellee asked to have the note marked paid in full with the credit life proceeds she thought were forthcoming, appellant for the first time notified her that there was no credit life insurance in force. Appellee stopped making payments on the note, and appellant later posted the property for sale under the deed of trust. Appellee enjoined the sale and appellant filed a counter-claim for foreclosure and payment of the balance of the note.

Appellant plead the 2 and 4 year statutes of limitations, the statute of frauds, and plead to the further effect that Mr. Brigham was not in good health in August, 1965, and was then in effect not eligible for credit life insurance.

Trial was with the aid of a jury. In response to the special issues submitted the jury found to the following effect: (1) on or about August 16, 1960, the bank, at the time it loaned $21,000.00 to Brigham, retained $2,000.00 as premium money on credit life insurance on the life of Brigham; (2) that the retention of the said $2,000.00 was premium money on credit life insurance on Brigham for the full ten year period of the loan; (3) that on or about August 16, 1960, the bank, acting through its loan officer, agreed with Brigham to purchase credit life insurance on Brigam's life for the ten year period of the loan in question; (4) that on or about August 16, 1960, the bank, through its loan officer, agreed with Brigham to purchase credit life insurance on Brigham's life for two consecutive five year periods beginning with the date of the loan made by it to Brigham; (5) that from the time Brigham applied for the loan in question until the time of his death, no officer or agent of the defendant bank ever requested of Brigham a statement of his health in connection with any credit life insurance; (6) that no officer or agent of the bank ever applied at any time for credit life insurance of any type on the life of Mr. Brigham for any period after August 16, 1965, on the loan in question; (7) that no officer or agent of the bank, before Mr. Brigham's death, notified either Mr. Brigham or Mrs. Brigham that after August 16, 1965, there was no credit life insurance of any type on Mr. Brigham's life in connection with any unpaid balance of the loan in question; (8) that no officer or agent of the defendant bank made any attempt to return the $950.00 cashier's check in J. C. Brigham's loan file until after the death of Mr. Brigham; (9) that on or about August 16, 1965, Mr. Brigham was in good health; (10) that Mr. Brigham at the time of the loan did not disclose to the loan officer of the bank any impaired physical condition, if any, which he might have had before August 16, 1960; (11) that defendant bank's loan officer, at the time of the loan, had knowledge of any impaired physical condition, if any, of Mr. Brigham before August 16, 1960; (12) that after August 16, 1960, and before August 16, 1965 Mr. Brigham did not make known to any of defendant bank's officers or agents any heart attacks, if any, which he may have suffered, and any impaired physical condition, if any, which he might have had. (Conditionally submitted issue

13 was not necessary to answer and was not answered.)

The trial court entered judgment permanently enjoining the sale of the property, declaring the note paid in full, dismissed appellant's counter claim, ordered that appellant's said $950.00 cashier's check be returned to it, and costs were taxed against appellant bank. Appellant bank has appealed.

Appellant attacks only one finding of the jury as being supported by "no evidence", to-wit, special issue No. 3, wherein the jury found to the effect that the bank agreed to purchase credit life insurance on the life of J. C. Brigham for the ten year period of the loan. This attack constitutes appellant's first point.

■ Mr. Sargent, who was Vice President of appellant bank at the time of the loan in question, stated to the effect that appellant bank tacked on $2,000.00 to the amount of the loan which was for premium to purchase credit life insurance on the life of J. C. Brigham, and that the written Discount Committee Loan Memorandum (Plaintiff's Exhibit 5 admitted into evidence signed by Mr. Sargent and bearing the written approval of the Discount Committee of appellant bank) prepared under his direction "specified that a portion of the money would be used for credit life insurance" and when asked if he intended that credit life be taken on the life of J. C. Brigham for the full ten year term of the note, he replied that the "* * * memorandum was approved with credit life insurance". After carefully examining the written "Discount Loan Memorandum" (Plaintiff's Exhibit 5) and Mr. Sargent's testimony with respect thereto, and with respect to the loan in question, and after carefully examining the record as a whole, we hold that there was evidence of probative force to support the jury's answer to special issue No. 3. Appellant's first point is overruled.

Appellant by its second point contends to the effect that there is an irreconcilable conflict between the jury's answer to issue 3 that the bank agreed to purchase credit life insurance on J. C. Brigham's life for the ten year period of the loan and the jury's answer to issue 4 that the bank agreed to purchase life insurance on his life for two consecutive five year periods.

■ It is the duty of an appellate court to reconcile apparent conflicts in jury findings whenever possible. C. & R. Transport, Inc., v. Campbell, 406 S.W.2d 191 (Tex.1966).

■ We think the answers are clearly reconciliable in that the answers of the jury are susceptible of the construction that appellant bank, acting by its agents, promised to procure credit life insurance coverage on the life of J. C. Brigham for the ten year term of the loan, and that the method promised for doing this was by buying a policy (or policies) for five years duration, which policy (or policies) would be renewed or re-purchased for five more years. In other words, from the jury's findings, appellant bank agreed to buy credit life insurance to cover Mr. Brigham during the full ten year term of the loan, and the method for doing so was by purchasing policies for two consecutive five-year periods. We think the answers to special issues 3 and 4 are reasonably explainable and are not in irreconcilable conflict. Appellant's second point is overruled.

We also hold that neither the 2 nor the 4 year statutes of limitations bar appellee's suit for appellant's breach of contract, which breach consisted of failing to purchase credit life insurance coverage on the life of Mr. Brigham for the ten year term of the note in two five year consecutive periods, since the breach occurred in August, 1965, and since appellee did not learn of the breach until January, 1966, and the suit was brought by appellee in October, 1966, well within two years of the breach and knowledge of the breach. Also appellee's deceased husband apparently had no knowledge of the breach under the record

in this case and he died in December, 1965. Appellant's third point is overruled.

Appellant's fourth and fifth points are as follows:

"Point Four

"If the oral agreement in August of 1960 was to purchase two consecutive five year policies of credit life insurance as found by the jury in response to Special Issue No. 4, it was unenforceable under the Statute of Frauds as an agreement not to be performed within one year.

"Point Five

"Since plaintiff failed to resolve the dilemma that action on the ten year agreement was barred by limitation, and action on the oral agreement for two consecutive five year periods was unenforceable under the Statute of Frauds, the Bank was entitled to foreclose its lien, and the trial court should have granted judgment for appellant notwithstanding the verdict, and erred in refusing foreclosure."

Art. 3995, Vernon's Ann.Tex.Civ.St. provides in part as follows:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:
" * * *

"5. Upon any agreement which is not to be performed within the space of one year from the making thereof."

■ Appellee, among other things, contends that the statute of frauds was not violated by the oral agreement made in August, 1960, because there was a written memorandum, in the form of the Discount Committee Loan Memorandum (Plaintiff's Exhibit 5), which was signed by authorized agents of appellant bank. This written instrument shows that a portion of the loan ($2,000.00) was to purchase credit life insurance on Mr. Brigham's life and that the term of the loan was ten years. We think it is doubtful however whether the written memorandum in question gives sufficient details of the full contents of the contract to satisfy the statute of frauds. In this connection see Frauds, Statute of, §§ 93, 95, and 96, 26 Tex.Jur.2d. We are inclined to the view that such memorandum is not sufficient, however if we should be mistaken on this matter, then of course there would be no further problem with respect to the statute of frauds.

Assuming that the oral agreement was in violations of the statute of frauds, nevertheless it is our view that the oral agreement was enforceable upon at least two grounds.

■ First: In many cases, considering the equities therein involved, an oral agreement is taken out of the statute of frauds where one party completely performs his part of the oral agreement. Kirk v. Beard, 162 Tex. 267, 345 S.W.2d 267 (1961); Frey v. Pearson, 168 S.W.2d 886 (Tex.Civ.App.1943, no writ). It was undisputed that appellee's husband completely performed his portion of the oral agreement with regard to the purchase of credit life insurance when he borrowed an additional $2,000.00 from appellant and gave the $2,000.00 to appellant who kept it in its possession until his death, about 5½ years later.

■ Second: It is our further view that, in equity, under the facts in this case, appellant is estopped from relying upon the statute of frauds in order to take an unwarranted advantage of appellee. In this connection see the following authorities: James v. Perry, 208 S.W.2d 145 (Tex.Civ.App.1948—wr. ref., n.r.e.); Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980 (1948); Manzell v. Hightower, 159 S.W.2d 552 (Tex.Civ.App.1942, no writ).

Appellant's 4th and 5th points are over-ruled.

We hold the trial court rendered a correct judgment. The judgment of the trial court is affirmed.