Itholia HOGG, Appellant,

v.

**WASHINGTON NATIONAL INSURANCE COMPANY, Appellee.**

No. 725.

Court of Civil Appeals of Texas, Tyler.

Dec. 6, 1973.

See also, Tex.Civ.App., 495 S.W.2d 25.

Law Office of Hulon B. Brown, John S. Ament, Jacksonville, for appellant.

Ramey, Flock, Hutchins, Grainger & Jeffus, Tom Henson, Mike A. Hatchell, Tyler, for appellee.

DUNAGAN, Chief Justice.

This appeal arose from a suit brought by Itholia Hogg, the named beneficiary in three life insurance policies, issued on behalf of her deceased grandson, Franky Lee Hogg. Mrs. Hogg's grandson, Franky Lee, died as a result of a stab wound to his chest. The wound was apparently inflicted by Franky Lee's wife, Linda, during the course of a family fight. The appellant, Mrs. Hogg, is attempting to recover accidental death benefits by virtue of the three policies, as well as a statutory penalty and attorney's fees. From a judgment rendered upon a jury verdict that Mrs. Hogg take nothing, she has perfected her appeal.

The three insurance policies issued by the appellee, Washington National Insurance Company, are essentially three accidental death policies. Of the three policies, one is a life or endowment policy with a double indemnity provision for accidental death. The appellee paid the face value of the endowment policy but failed to honor the double indemnity provision under accidental death of this policy. The appellee also failed to honor the other two accidental death policies. In each of the three insurance policies an exception exists to the effect that the insurance company will not be liable if the loss is caused by an injury or injuries *intentionally inflicted by another person*. The appellee in its first amended original answer pled the "intentional injury" exception of these three policies. It therefore became the duty of the appellant in her burden of proof to negative the exclusions contained in the policies. Sherman v. Provident American Insurance Company, 421 S.W.2d 652 (Tex. Sup.1967); International Travelers Ass'n v. Marshall, 131 Tex. 258, 114 S.W.2d 851 (1938); Travelers' Ins. Co. v. Harris, 212 S.W. 933 (Tex.Comm.App.1919).

The appellant does not complain of any event occurring during the course of the trial; however, the appellant does complain of events occurring subsequent to the time that both parties rested their cases. The trial court submitted the case to the jury on six separate special issues. Special Issues Nos. 2, 4 and 5 are the issues which have caused the controversy now under review. The relevant special issues read as follows:

"SPECIAL ISSUE NO. 2:

"Do you find from a preponderance of the evidence that Frankie Lee Hogg did not die as a result of injury intentionally inflicted by another person?

"Answer: 'We do' or 'We do not.'

"Answer: We do not.

"You are instructed that injuries are 'intentionally inflicted' as that term is used in this charge if they are the natural and probable result of a voluntary (or intentional) act, although the person causing the injuries may not have intended to cause death or to inflict the specific injury in question."

"SPECIAL ISSUE NO. 4:

"Do you find from a preponderance of the evidence that, at the time and on the occasion in question, Linda Hogg did not intend to hit at Franky Lee Hogg.

"Answer: 'She did intend' or 'She did not intend.'

"Answer: She did intend.

"If you have answered Special Issue No. 4 'She did intend,' then answer Special Issue No. 5."

"SPECIAL ISSUE NO. 5:

"Do you find from a preponderance of the evidence that it was a natural and foreseeable consequence of the act of hitting at Franky Lee Hogg that he could receive the injuries which were inflicted upon him?

"Answer: 'It was' or 'It was not.'

"Answer: It was not."

As a result of the jury's answers to these three special issues, the appellant asks to have the case reversed and remanded for a new trial. The appellant seeks such relief by alleging an irreconcilable conflict in the jury's answers to Special Issues Nos. 2 and 5.

█ The appellant has brought forward eleven points of error. The first six of these will be disposed of summarily. Points of error one through six deal with complaints involving the submission of an instruction and several special issues. It appears from the transcript that the attorney for the appellant dictated to the court reporter his objections and exceptions to the court's charge. However, it appears from the record that the transcribed objections were not presented to the trial judge to allow the official endorsement of his ruling and signature, as is required under Rule 272, Texas Rules of Civil Procedure. Because of this failure to comply with Rule 272, these alleged errors are not properly before this court for review. Long v. Smith, 466 S.W.2d 32, 38 (Tex.Civ.App.,

Corpus Christi, 1971, writ ref'd n. r. e.); Charter Oak Fire Insurance Company v. Perez, 446 S.W.2d 580 (Tex.Civ.App., Houston, 1st Dist., 1969, writ ref'd n. r. e.); Blackmon & Associates, Inc. v. Palmer Building Supplies & Specialities, Inc., 463 S.W.2d 228 (Tex.Civ.App., Corpus Christi, 1971, writ ref'd n. r. e.); Big Three Welding Equipment Company v. Roberts, 399 S.W.2d 912 (Tex.Civ.App., Corpus Christi, 1966, writ dism.); Morris v. Porter, 393 S.W.2d 385 (Tex.Civ.App., Houston, 1965, writ ref'd n. r. e.).

█ Appellant's points of error numbers seven and eight complain essentially that a fatal conflict existed between Special Issues Nos. 2 and 5, and therefore judgment for the appellee was not warranted and a new trial should be granted. It is a fundamental rule of law that it will not be presumed that jurors intend to return conflicting answers. Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97 (Tex.Comm.App.1939, opinion approved); Gourley v. Iverson Tool Co., 186 S.W.2d 726 (Tex.Civ.App., Fort Worth, 1945, writ ref'd w. o. m.); Texas Employers' Insurance Association v. Ballard, 285 S.W.2d 865 (Tex.Civ.App., Amarillo, 1956, writ ref'd n. r. e.); Buech v. Eickenroht, 220 S.W.2d 911 (Tex.Civ.App., San Antonio, 1949, n. w. h.); Billingsley v. Southern Pacific Co., 400 S.W.2d 789 (Tex.Civ.App., Tyler, 1966, writ ref'd n. r. e.). Courts will refuse to find a conflict in a jury's answers to special issues when there is any reasonable basis whereby the answers to the issues may be reconciled. Bryant v. Banner Dairies, Inc., 255 S.W.2d 271 (Tex. Civ.App., Eastland, 1953, writ ref'd n. r. e.). Casualty Underwriters v. Rhone, supra. Reviewing courts are required to reconcile findings if it can be reasonably done. Producers Chemical Company v. McKay, 366 S.W.2d 220 (Tex.Sup.1963); Texas Employers' Ins. Ass'n v. Hardy, 81 S.W.2d 191 (Tex.Civ.App., Eastland, 1935, err. dism.); Halliburton Oil Well Cementing Co. v. Groves, 308 S.W.2d 919 (Tex.Civ. App., Waco, 1957, writ ref'd n. r. e.); Cam-

co, Inc. v. Evans, 377 S.W.2d 703 (Tex. Civ.App., San Antonio, 1963, writ ref'd n. r. e.) ; Stuckey v. Union Mortgage & Investment Company, 383 S.W.2d 429 (Tex. Civ.App., Tyler, 1964, writ ref'd n. r. e.) ; Howard v. Howard, 102 S.W.2d 473 (Tex. Civ.App., Austin, 1937, writ ref'd) ; Wynnewood State Bank v. Brigham, 434 S. W.2d 874 (Tex.Civ.App., Texarkana, 1968, writ ref'd n. r. e.) ; Fort Worth & D. C. Ry. Co. v. Welch, 154 S.W.2d 896 (Tex. Civ.App., Amarillo, 1941, n. w. h.). Two findings will be considered to be in conflict only when they oppose each other to such an extent that both cannot be true. Hancock v. Sammons, 267 S.W.2d 252 (Tex.Civ.App., Fort Worth, 1954, writ ref'd n. r. e.) ; Billingsley v. Southern Pacific Company, supra. To set aside a verdict it must be shown that one of the conflicting answers, when considered in connection with the rest of the verdict and excluding the issue with which it allegedly conflicts, necessarily requires the entry of a judgment different from the one entered. Little Rock Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949) ; Stuckey v. Union Mortgage & Investment Company, supra ; Texas & Pacific Railroad Company v. Snider, 159 Tex. 380, 321 S.W.2d 280 (1959) ; McDonald Texas Civil Practice, Vol. 3, sec. 15.06.3, p. 609. For a conflict to exist it must be with reference to material, controlling issues in the case, and if the answers as a whole leave without contradiction all necessary material and controlling issues found by the jury in favor of one of the parties, judgment may properly be entered upon the verdict. Millers' Indemnity Underwriters v. Schrieber, 240 S.W. 963 (Tex.Civ.App., Beaumont, 1921, writ ref'd).

■ ■ Applying the above principles to the special issues complained of herein, we must conclude that there is no irreconcilable conflict. Special Issue No. 2 with the burden of proof properly placed upon the defendant (appellant), asked if Franky Lee Hogg did not die as a result of injuries which were intentionally inflicted by another person. The jury answered in the negative. The result of the answer was that the appellant failed to establish by a preponderance of the evidence that Franky Lee Hogg did not die as a result of injuries intentionally inflicted. This court is at a loss, just as appellee appears to be, to explain why Special Issue No. 5 was submitted. The burden of proof in it falls upon the appellee. It would ostensibly appear, at first glance, to be a double submission of Special Issue No. 2. The similarity fails, however, when the issue is viewed more closely. Special Issue No. 5 inquires if the injuries received by Franky Lee Hogg were a natural and foreseeable consequence of the act of hitting. The jury found from a preponderance of the evidence in the negative. Although Special Issues Nos. 2 and 5 both deal with the same general inquiry, i. e., injuries received, they do not involve the same specific subject matter. Special Issue No. 2 asks basically if an intentional injury occurred while Special Issue No. 5 queries if the act of hitting could foreseeably lead to the injury. It is elementary that for a conflict to exist it must involve the same subject matter. Rhoades v. Castillo, 488 S.W.2d 528 (Tex. Civ.App., Waco, 1972, writ ref'd n. r. e.) ; Chaffino v. Hatter, 410 S.W.2d 924 (Tex. Civ.App., Waco, 1967, n. w. h.) ; Turner v. Victoria County Electric Co-operative Co., 428 S.W.2d 484 (Tex.Civ.App., Waco, 1968, n. w. h.). Because Special Issues Nos. 2 and 5 do not deal with the same subject matter there is no conflict. Moreover, even if a conflict did exist between Special Issues Nos. 2 and 5, the use of the conflict-avoidance formula as set forth in the case of Little Rock Mfg. Co. v. Dunn, supra, would not entitle appellant to judgment if Special Issue No. 2 was disregarded. Considering the remainder of the verdict, while excluding Special Issue No. 2, appellant still would not have met her burden of proof in negativing the intentional injury exception. See Travelers Indemnity Co. v. McKillip, 469 S.W.2d 160 (Tex. Sup.1971) ; Sublett v. American Nat. Ins. Co., 230 S.W.2d 601 (Tex.Civ.App., Eastland, 1950, writ ref'd n. r. e.) ; Shaver v. National Title & Abstract Co., 361 S.W.

2d 867 (Tex.Sup.1962); 98 A.L.R.2d 531. And because appellant could not show that she would have been entitled to judgment, even when a conflict is assumed, no irreconcilable or fatal conflict exists.

■ Appellant's points of error numbers nine and ten complain essentially that the trial court erred in overruling appellant's motion for judgment because the inquiry in Special Issue No. 5 is specific and it therefore controls the general inquiries in Special Issue No. 2. We find no merit in this contention by the appellant. Appellant has cited no cases, nor have we found any that could be considered controlling in our present situation. Appellant's contention that the specific inquiry of Special Issue No. 5 controls the general inquiry in Special Issue No. 2 is not tenable. The ultimate issue of intentional injury must control an evidentiary finding involving foreseeable consequences. See McDonald Texas Civil Practice, Vol. 3, sec. 15.06.5, p. 613.

■ Appellant's last point of error attacks the trial court's refusal to grant a new trial on the basis that the jury's answers to Special Issue No. 2 does not reflect the true and correct intent of the jury. Appellant submitted affidavits of two jurors to attempt to show that they misunderstood their answers to Special Issue No. 2. It is fundamental that a juror cannot impeach his own verdict by attacking his mental reactions in the absence of some overt act of misconduct. Bradley v. Texas & P. Ry. Co., 1 S.W.2d 861 (Tex.Comm. App.1928), reversing 298 S.W. 149 (Tex. Civ.App., Texarkana, 1927); Commercial Standard Ins. Co. v. Miller, 48 S.W.2d 618 (Tex.Comm.App.1932), reversing Miller v. Diamond, 25 S.W.2d 659 (Tex.Civ.App., Dallas, 1930); Chandler v. Wiemers, 4 S. W.2d 569 (Tex.Civ.App., El Paso, 1928, err. ref'd). This point of error is hereby overruled.

The judgment of the trial court is affirmed.