CENTRAL ADJUSTMENT BUREAU,
INC., Appellant,

v.

Henry P. GONZALES et ux., Appellees.

No. 15448.

Court of Civil Appeals of Texas,
San Antonio.

Sept. 24, 1975.

Rehearing Denied Oct. 22, 1975.

Wyckoff, Eikenburg, Dunn & Frazier, Stephen S. Mims, John Eikenburg, Houston, for appellant.

Evans & Marshall, Allen F. Cazier, San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, a professional collection agency, has perfected its appeal from an adverse judgment rendered on a jury verdict in appellees' suit to recover damages under Article 5069, Section 11.01 et seq., Tex.Rev. Civ.Stat.Ann. (Supp.1975), for alleged illegal collection practices. The jury found that appellant had violated the statute in several instances and that the sum of $3,500 would fairly and reasonably compensate Mrs. Gonzales for her injuries resulting from the acts, words, or conduct of appellant. The jury also found that the sum of $2,925 should be allowed appellees for attorneys' fees. Judgment was entered on this verdict for both sums.[1]

Appellant complains of this judgment by three points of error: (1) the trial court erred in overruling appellant's objections to Issues Nos. 2, 3, 4, 6, 7 and 8 because these issues were not submitted in the language of the statute; (2) the trial court erred in overruling appellant's objections to Issue No. 13 because there was insufficient evidence to support the submission of such

1. The jury found substantially as follows:

1. WE DO NOT find that appellant threatened that the non-payment of the alleged debt would result in the seizure and sale of appellees' real and personal property without proper court proceedings.

2. WE DO find that appellant used profane language, and other language intended to unreasonably abuse the appellees.

3. WE DO find that appellant misrepresented to the appellees the character, extent, or amount of a debt against said appellees.

4. WE DO find that the appellant represented that the debt in question might be increased by the addition of attorneys' fees, court costs and interest when there is no written contract authorizing such increase.

5. WE DO NOT find that appellant used and directed written communications to the appellees which purported to be from an attorney when in fact they were not from an attorney.

6. WE DO find that the appellant represented to the appellees that the debt was being collected by an attorney, when in fact, it was not.

7. WE DO find that the appellant falsely accused the appellees with fraud or other crimes.

8. WE DO find that appellant has threatened to file charges, complaints or criminal actions against the appellees.

9. WE DO NOT find that the appellant threatened that the non-payment of the alleged debt would result in seizure of funds from appellees' bank account without proper court proceedings.

10. WE DO find that one or more of the acts, words, or conduct inquired about above was a producing cause of any injury to Mrs. Gonzales.

11. and 12. (Damage issues which are not material to judgment)

13. The sum of $3,500 would fairly and reasonably compensate Mrs. Gonzales for her injuries resulting from the acts, words, or conduct of appellant.

14. The sum of $2,925 should be allowed to appellees for attorneys' fees, reasonable in relation to the work expended for the preparation and trial of this case.

15. NONE of the acts, words, or conduct, answered affirmatively in the above questions, was the result of a bona fide error on the part of appellant.

16. (Conditionally submitted and unanswered since "none" were found.)

issue; and (3) the jury's answer to Issue No. 15 is against the great weight and preponderance of the evidence. Appellees urge by a cross-point that this Court should award them reasonable attorneys' fees for their attorneys' services on this appeal.

■ Appellees assert that appellant's first two points of error are waived in that appellant's objections to the charge of the court were not properly preserved for appellate review. It is apparent from the statement of facts that the objections were timely dictated to the court reporter in the presence of the trial court and opposing counsel. However, these objections were not "subsequently transcribed and the court's ruling and official signature endorsed thereon and filed with the clerk in time to be included in the transcript" as required by Rule 272, Tex.R.Civ.P. (Supp. 1975). Since appellant did not comply with this mandatory procedure, its dictated objections were waived and cannot be considered on appeal. *Barber v. Corpus Christi Bank & Trust,* 506 S.W.2d 254 (Tex.Civ. App.—Corpus Christi 1974, no writ); *Hogg v. Washington National Insurance Company,* 503 S.W.2d 325 (Tex.Civ.App.—Tyler 1973, no writ); *Charter Oak Fire Insurance Company v. Perez,* 446 S.W.2d 580 (Tex.Civ. App.—Houston [1st Dist.] 1969, writ ref'd n. r. e.); *Mergele v. Houston,* 436 S.W.2d 951 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.). See also *Missouri Pacific Railroad Company v. Cross,* 501 S.W.2d 868 (Tex.1973). We, therefore, overrule appellant's first two points of error without consideration of their merits.

Appellant urges by its third point of error that the jury's answer to Issue No. 15 is against the great weight and preponderance of the evidence. Appellees assert, at the outset, that such point is immaterial in that an affirmative finding to this question would not have excused appellant's acts, words, or conduct in violation of the debt collection act.

■ Article 5069–11.08, Tex.Rev.Civ.Stat. Ann. (Supp.1975), provides:

"No person shall be guilty of a violation of this Act if the action complained of resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid such error."

The issue as submitted made no mention of "reasonable procedures adopted to avoid such error." Appellant contends that the statute does not require a showing that it had adopted reasonable procedures to avoid such error. We disagree. The only meaningful construction of the statute requires that reasonable procedures be adopted to avoid such error before a bona fide error will be excused.

■ In any event, we cannot say from an examination of the entire record that the negative jury finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. The debt sought to be collected by appellant from appellees was a debt in the amount of $257 owed by John Gonzales to Sul Ross State University. The evidence is undisputed that appellees had no responsibility for this debt or even any prior knowledge of it. Appellant's San Antonio office relied on a computer print-out furnished it by appellant's Dallas office and made no attempt to verify the responsibility of appellees for this third party debt before sending a series of high pressure collection letters. Appellant wholly failed to offer any explanation as to why the Dallas office erroneously concluded that appellees were liable for this debt. Therefore, it cannot be said that the jury's failure to find the violations were the result of a bona fide error is factually insufficient. Appellant's third point of error is overruled.

■ Appellees seek by a cross-point to recover reasonable attorneys' fees for the services performed by their attorneys in connection with this appeal. Article 5069–11.10, Tex.Rev.Civ.Stat.Ann. (Supp.1975), authorizes an award of attorneys' fees, "reasonable in relation to the amount of work expended and costs," to a person who

successfully maintains an action for actual damages. This would authorize a recovery of reasonable attorneys' fees for all work expended, including that on appeal, if such should be necessary. See *International Security Life Insurance Company v. Spray,* 468 S.W.2d 347 (Tex.1971).

■ Here the jury issue relating to attorneys' fees was limited to the work expended for preparation and trial of the case and was submitted without objection by appellees. Furthermore, there was no request for an issue inquiring as to reasonable attorneys' fees for services performed in handling the appeal. Therefore, appellees' request for such fees, made for the first time in their reply brief, comes too late and is denied.

The judgment of the trial court is affirmed in all respects.